## L. N. SCHENK v. THE STATE.

### No. 3430. Decided February 17, 1915.

**1.—Theft—Indictment—Description.**

Where the description of the alleged stolen property was sufficient, there was no error in overruling a motion to quash the indictment. Following Green v. State, 28 Texas Crim. App., 493.

**2.—Same—Evidence—No Variance.**

Where the indictment alleged the theft of a distributer leather belt and the evidence showed that a leather belt was missing from the gin called by the witness a distributer leather belt, describing the use of the same, the fact that he also called it by other names was not fatal variance.

**3.—Same—Evidence—Other Transactions.**

Where it was not contended that certain third parties took the alleged stolen property, there was no error in not permitting the defendant to show that these parties took certain other property from the alleged gin.

**4.—Same—Evidence—Cross-examination.**

Where, upon trial for theft from a certain gin, defendant sought to prove that he was part owner of the same, and therefore, had a right to take the things he was charged with stealing, the State had the right on cross-examination to ascertain if such claim was made in good faith.

**5.—Same—Charge of Court—Property Stolen.**

Where the theft of several articles was alleged, it was not required that the State prove that defendant had stolen all of the articles alleged and to so charge the jury.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft, the specific identification of the alleged property was not very strong, yet the number and character of things missing were found in defendant's possession and were similar to those stolen, there was no error in refusing a peremptory charge to acquit.

**7.—Same—Burden of Proof—Charge of Court—Harmless Error.**

Where, upon trial of theft, the issue upon which the court charged was not raised by the evidence, the same was harmless error, but on another trial should be avoided.

**8.—Same—Special Owner—Charge of Court.**

Where the question of special ownership was a contested issue, in a trial for theft, and the court's attention was called to said fact, the court's charge, which did not require the finding of such fact, was reversible error. Following Williams v. State, 26 Texas Crim. App., 131.

Appeal from the District Court of Archer. Tried below before the Hon. Edgar Scurry.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $25 and one day confinement in the county jail.

The opinion states the case.

*Henley & McComb*, for appellant.—On question of variance: Poston v. State, 58 Texas Crim. Rep., 583, 126 S. W. Rep., 1148; Wade v. State, 52 Texas Crim. Rep., 619, 108 S. W. Rep., 677.

On question of imputing crime to another: Dubose v. State, 10 Texas Crim. App., 230; Hall v. State, 70 Texas Crim. Rep., 590, 153 S. W. Rep., 902; Wheeler v. State, 56 Texas Crim. Rep., 547, 121 S. W. Rep., 166; Ward v. State, 71 Texas Crim. Rep., 310, 158 S. W. Rep., 1126.

On question of identity of property: Doss v. State, 13 S. W. Rep., 788; Freeman v. State, 52 Texas Crim. Rep., 500, 107 S. W. Rep., 1127; Lea v. State, 116 S. W. Rep., 1153.

On question of special ownership: Tiller v. State, 135 S. W. Rep., 549; Hill v. State, 117 S. W. Rep., 823.

On question of insufficiency of evidence: Smith v. State, 68 S. W. Rep., 510; Watson v. State, 82 S. W. Rep., 514.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of misdemeanor theft, and his punishment assessed at one day imprisonment in jail, and a fine of $25.

The indictment in this case charged appellant with the theft of the following property: "One engine lubricator of the value of $12. Two oil cups of the value of $2. Three hard oil cups of the value of $3.50. One fan leather belt of the value of $10. One condenser leather belt of the value of $12. One distributer leather belt of the value of $30. Two lead mill leather belts of the value of $11."

A motion was made to quash the indictment, alleging that the description was insufficient. The court did not err in overruling the motion. Green v. State, 28 Texas Crim. App., 493, and cases cited in section 1481, White's Ann. Code.

O. W. Tschoepe testified to the loss of the above described property, saying: "I am manager of the Farmers' Union Gin Company, at Scotland; I held that position in this last ginning season and in July of this year; since the beginning of the ginning season of 1913. I went through the gin in June, 1914, and all the property, belts, cups, etc., were there at that time. I went through it in July again and found several things missing: A lubricator, two soft oil cups, three hard oil cups, one tan leather belt, one condenser leather belt, one distributer leather belt. I saw these things later on Schenk's thresher and engine." By bill No. 1 it is shown that on cross-examination he testified in regard to the alleged distributer leather belt: "The distributer leather belt I have reference to is a large leather belt that is attached to another part of the machinery and also the distributer and drives the distributer belt. I don't know what they call the leather belt, but I call it a distributer leather belt, or a drive belt; the distributer belt proper is a canvas belt that distributes the cotton. I would also call the leather belt that drives this distributer a distributer leather belt or a distributer drive belt." The defendant moved the court to withdraw all the witness' testimony in regard to the distributer leather belt, "and to strike from the indictment the item of 'one distributer leather belt,' because

the State having alleged a specific belt, towit: a 'distributer leather belt' should have been confined to proof of said belt as alleged; and such proof was not made by proving a 'distributer drive belt,' or a 'large leather belt that drives the distributer belt,' or a 'drive belt,' nor that a distributer belt was a canvas belt; that such proof was at fatal variance with the express allegations in the indictment and did not prove said allegations." Of course, the court had no authority to strike that item from the indictment, and we do not think the court erred in not withdrawing the testimony. The testimony of the witness tended to prove that a leather belt was missing, called by him a "distributer leather belt." It may be its proper name was something else, but the witness described the use of the belt, and the reason why he called it as he did.

The next bill complains that the court erred in not permitting him to prove by Joe Brown that August Bomhardt and others took from the gin some furnace grates and put them in a threshing machine furnace belonging to August Bomhardt and Joe Moore. It may be that these gentlemen had authority from the owners to take the furnace grates; at least the bill does not negative such fact. But if they took the grates without authority, and were liable to prosecution for so doing, neither of the gentlemen were witnesses in this case, and to prove such fact would have no tendency to show whether or not appellant took the property he is alleged to have taken. Neither did the court err in refusing to permit Jim Vickers to testify that he saw the above named gentlemen and Joe Moore take some other property from the gin. If they were guilty of wrongdoing, it would be no justification of appellant. It was not contended that they took the property, or any part thereof, with which appellant was charged with taking, and no matter how many other men may have taken property from the gin, it would not authorize appellant to also take property therefrom without the owner's consent, if he did so.

The gin Tschoepe had in his charge, according to the testimony offered by the State, was owned by a company, and appellant testified he owned a part of the stock, and was, therefore, part owner of the gin. The State on cross-examination asked when he purchased the stock, and what he paid for it. These questions were objected to by appellant, but his objections were overruled, and he answered that he gave some cotton seed to one man for his stock, and had paid another man one dollar to bind the trade for the stock he had purchased from him. When he sought to prove that he was part owner of the gin and therefore had a right to take the things he was charged with taking, if he did take them, the State had a right on cross-examination to ascertain if such claim was made in good faith, and· appellant in fact owned any stock in the gin. These questions and the cross-examination were permissible on this issue, and the court did not err in so holding.

A number of special charges were requested, the first of which was a request for peremptory instructions. Appellant seems to proceed upon the theory that the State having alleged the theft of a number of articles,

it would be entitled to a 'conviction only on proof that appellant had stolen all the articles alleged. This is not the law—proof of the theft of either one of the articles would support a conviction.

As to the lubricator he is charged with stealing, Albert Ordner testified appellant admitted to him that he had the gin's lubricator, and would take it back when the company got ready for it. Tschoepe testified to the loss of all the property described in the indictment, and that he saw all these things in the possession of appellant. As to identity of the things, his testimony was weakened on cross-examination, he saying he could not swear positively as to the identity of the property, but it looked like the gin's property to him. Adolph Winkler testified to identifying a portion of the property, saying he recognized the lubricator, oil cups and fan leather belt. On cross-examination he also said he could not be positive, but it looked like the gin's property. Thus it is seen the specific identification is not very strong, yet the number and character of things missing are found in appellant's possession, and they were similar to the stolen ones, and we can not say under such circumstances that the court erred in not giving peremptory instructions, and leaving the question to the jury for their determination, and especially so in the light of Mr. Ordner's testimony, who said appellant admitted to him he had the gin's lubricator. It is true that appellant testified that the gin company was indebted to him, but he did not testify nor claim that he had taken the property or any part thereof in payment of the debt. He denied most emphatically that he had taken any of the gin property; and there is no testimony suggesting that he may have taken it in payment of the debt due him, consequently the court did not err in refusing the special charge presenting that issue. However, the court in his main charge does charge on that issue, but places the burden of proof on defendant. This would be such error as would require a reversal of the case if the testimony raised the issue, but inasmuch as in the testimony, and in all the testimony, there is no such issue presented, the charge, while erroneously worded, was on an issue not raised, and should not be ground for reversal of the case. However, on another trial if the court thinks the evidence raises the issue, he should not instruct the jury that they must find beyond a reasonable doubt that he had a right to take it, but instead give the defendant the benefit of a reasonable doubt on this as well as other issues.

There was no error in refusing the special charges requesting the court to instruct, "if you have a reasonable doubt as to whether the State has proved the identity of any one or more of the articles alleged to have been found in the possession of defendant to be the identical property alleged in the indictment beyond a reasonable doubt, then as to such articles you must find the defendant not guilty." As hereinbefore stated, it was not necessary for the State to prove the theft of *all* the articles alleged—if proof was made that either one of them had been taken by appellant without lawful authority he would be guilty. When an article is known and called by a given name, although it may

in fact have another and different name, such proof would not present a variance, and even though the belt termed in the indictment, "One distributer leather belt" was in fact "One drive leather belt," when the ginner testified it was called and known as a distributer leather belt, the proof would sustain the allegations, and the court did not err in refusing the special instructions requested in regard to this matter.

The fact that Tschoepe was special owner of the property was alleged in the indictment, and it was a fact to be proven as any other fact alleged. Defendant excepted to the court's charge because in it he did not require that fact to be found. We are inclined to think the court, in a general way, so instructed the jury, but as appellant by his testimony raised the issue, and asked a special charge presenting the matter affirmatively, and instructing the jury that if they found that the alleged special owner was not in possession of the property to acquit, the court should have submitted this issue affirmatively. The special charge as requested does not correctly present the law, and the court did not err in refusing it, but as appellant excepted to paragraph 5 of the charge as given, "and says that under the indictment the jury should be instructed that they must believe beyond a reasonable doubt that O. W. Tschoepe was entitled to the exclusive management and control of said property," and then presented a special charge on the issue, which, although not a correct exposition of the law, sufficiently called the court's attention to the fact that he was complaining because, as the issue of ownership was a contested issue, he had not affirmatively in his charge presented the issue to the jury, with instructions that if Tschoepe was not the owner in law he would be entitled to an acquittal. Ownership must be proven as alleged. Williams v. State, 26 Texas Crim. App., 131, and cases cited in section 1507, White's Ann. Code.

We do not deem it necessary to discuss the other questions raised as they present no error, and the rulings herein made sufficiently indicate the law applicable to such questions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*