MORROW, Presiding Judge.
 

 The offense is theft; punishment fixed at confinement in the penitentiary for a period of two years.
 

 The indictment charges theft as defined in Art. 1329, P. C., and charges the- taking, without the consent of the owner, the Continental
 
 *630
 
 National Bank of Fort Worth, Texas, a corporation, of certain Traveler’s cheques which are specifically described in the indictment, also $200.00 in money. In the bank mentioned there was an account in the name of the United Producers Association, H. A. Fellows, Trustee. On the 30th of April, there was a sum of $39.63 to the credit of that account. There was also in the same bank an account in the name of the United Producers Pipe Line Company. There was no relationship between the two concerns, and the appellant had no connection with the one last mentioned. On the 30th of April a deposit in the bank of $1540.25 was made by the United Producers Pipe Line Company. The funds and the deposit slip were delivered to the teller, and after checking and receipting for the funds, he delivered the deposit slip to the bookkeeper who, by mistake, entered the credit to the account of the United Producers Association. On the following day the appellant drew his checks upon the account of the United Producers Association, H. A. Fellows, Trustee, for several amounts, one for $200.00, the other in payment of certain Traveler’s cheques aggrevating $1100.00 in amount. The $200.00, as well as the Traveler’s cheques, were applied for and received by the appellant.
 

 There was evidence from which the jury would be authorized to draw the inference that the appellant knew of the mistake and that in drawing the check against the account of the United Producers Association, he acted with a fraudulent intent.
 

 In submitting the ease to the jury, the court, after defining theft in accord with Art. 1329, P. C., also defined the wrongful taking by false pretext in accord with Art. 1332, P. G. The matter was submitted to the jury in a paragraph which we quote as follows:
 

 “Now therefore if you find and believe from the evidence beyond a reasonable doubt that the Continental National Bank, a corporation, placed to the credit of the defendant herein the sum of $1540.25,
 
 and that thereafter
 
 in
 
 the county of Tarrant and State of Texas on or about the date charged in the indictment
 
 the defendant having knowledge thereof withdrew all or part of said funds
 
 amounting to $50.00 or over from the bank with intent to appropriate the same to his own use and benefit and with intent to deprive said bank of the value of the same, then you will find the defendant guilty of the offense as charged in the indictment and assess his punishment at confinement in the state penitentiary for some period of years not less than two nor more than ten in your discretion. And unless you do so find and believe from the evidence beyond a reasonable doubt, then you will acquit the defendant and say by your verdict not guilty.”
 

 Complaint is made of that part of the charge which relates to the false pretext. We fail to perceive its applicability. However,
 
 *631
 
 we would not regard it as harmful under the present record. We conceive the fault in the charge to be that the paragraph of the charge which has been quoted takes no note of the question of mistake upon the part of the bank, or the fraudulent intent upon the part of the appellant. In the part of the charge quoted, we have italicized the question submitted to the jury which was not whether the bank, by mistake, placed the $1540.25 to the credit of the appellant’s account nor whether he fraudulently withdrew it, but whether the appellant
 
 knew
 
 that it was
 
 deposited
 
 and
 
 thereafter withdrew
 
 it with the intent to appropriate it to his own use. The essence of the alleged criminal act is omitted from the instruction to the jury. If the deposit was not by mistake of the bank or belonged to appellant, there was no offense. It being to his credit in the bank, prima facie it -was his. The State introduced evidence sufficient to overcome the prima facie presumption, but the charge submitting the matter to the jury cannot be regarded as adequate against the objection when no note of the question of mistake or the fraudulent intent.
 

 The complaint of the appellant that the offense submitted to the jury was not in accord with that embraced in the indictment, we think, is not tenable. It is true that in the indictment appellant was charged with the theft of the Traveler’s cheques. He was also charged with the theft of $200.00. It was permissible that reliance for a conviction be had upon either of the items. The fact that the charge of the court was so framed as to embrace the theft of $200.00 alone was not improper nor prejudicial to the appeEant. If the $1540.25 were deposited to the appellant’s credit by mistake of the bank and appeEant, knowing of the mistake, fraudulently withdrew $200.00 of the amount with the intent to appropriate it to his own use and to deprive the owner of its value, he would be guilty. Both the facts in evidence and the charge of the court were such as to cover such a transaction. See Byrd v. State, 90 Texas Crim. Rep. 418, in which a transaction not different in its legal consequence from the present ease was held to sustain a conviction of theft as defined in Art. 1329, supra.
 

 On account of the defect in the charge pointed out, however, it is deemed necessary that the judgment be reversed and the cause remanded. It is so ordered.
 

 Reversed and remanded.