## LAS BIRMINGHAM V. THE STATE.

No. 15860.   Delivered April 26, 1933.

Reported in 59 S. W. (2d) 835.

The opinion states the case.

*Carney & Carney,* of Atlanta, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense is burglary; the punishment, 3 years in the penitentiary.

The testimony showed that a smokehouse belonging to Elasco Harper was entered and certain meat was taken therefrom.   Some of this stolen meat was found in possession of the witness Gather and part of it was found under the floor of the house of the appellant.   Gather, the accomplice, testified that he and the appellant and another committed the burglary.   The appellant did not testify and made no affirmative defense.

This court's attention is called to the fact of a variance between the allegations in the indictment as to the ownership of the burglarized house and the testimony offered in evidence as to the ownership of said house.   The indictment charged that the burglarized premises belonged to A. Harper, while the testimony showed that the house alleged to have been burglarized belonged to Elasco Harper.   There is nothing in the record to show that Elasco Harper was ever known as A. Harper or was ever called by that name.   This may be a mistake in the record, but, however that may be, the indictment alleges that the burglarized house was the house of A. Harper.   This is such a variance as requires a reversal of the judgment.

The general rule is that the ownership must be proved as

alleged because it identifies the offense. 7 Tex. Juris., sec. 64; Schenk v. State, 76 Texas Crim. Rep., 235, 174 S. W., 357. Branch's Ann. P. C., sec. 2324, states that the rules as to alleging and proving ownership in cases of burglary are the same as in cases of theft, and cites Moore v. State, 59 Texas Crim. Rep., 361, 128 S. W., 1115; Payne v. State, 148 S. W., 694; Whorton v. State, 151 S. W., 300; Powers v. State, 162 S. W., 832.

In the case of Willis v. State, 24 Texas App., 487, the conviction was for the theft of a horse alleged in the indictment to be the property of N. J. Smith. By bill of exception it was shown that on the trial of the cause the evidence as to the ownership of the horse was that it was the property of M. J. and not N. J. Smith. M. J. Smith testified that she was the owner of the horse and that her name was Martha Jane Smith and not N. J. Smith. In passing upon the case, Judge Wilson used the following language: "The name of the owner of the property must be proved as alleged. The given name may be stated by its initials and a variance between the middle initial letter as alleged and as proved will be immaterial; but, if the variance be as to the first initial letter of the given name, it will be fatal, unless the proof shows that the owner was known as well by the name alleged as by the name proved." See, also, Perry v. State, 4 Texas App., 566; Jones v. State, 62 Texas Crim. Rep., 637, 138 S. W., 703.

Because the evidence does not correspond with the allegations in the indictment with respect to the ownership of the house burglarized, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.