R. A. WAGONER V. THE STATE.

No. 16798. Delivered June 6, 1934.

The opinion states the case.

*L. J. McDonnell*, of El Paso, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft of property of the value of $317.40, and his punishment assessed at confinement in the State penitentiary for a term of 3 years.

The appellant and E. A. Geaslin were jointly indicted of the offense charged in the indictment, but appellant alone was put upon trial. The facts related by the co-defendant Geaslin are substantially as follows: "I had been freighting at Van Horn and knew the pipe was stacked there. The defendant and I decided we could get some of the pipe, sell it, and get a little money. The defendant Wagoner had not worked over in that part of the country where the pipe was. We borrowed a truck from a Mexican by the name of Eglesia and a trailer from a man by the name of Taylor. We drove from Van Horn out to where the pipe was stacked, probably 60 miles. We loaded the pipe, hauled it to Momsen-Dunnegan, and Ryan and sold it to them. They gave us a check in the sum of $119.00 which I cashed at the State National Bank. I was the moving party in stealing the pipe. I afterwards went back there and took the last of the pipe."

In the testimony as above set out the co-defendant was

sufficiently corroborated by other testimony and facts and circumstances adduced upon the trial. The appellant's version of the affair was that he purchased the pipe from one G. W. Burton and at the trial offered in evidence a bill of sale for the pipe, signed and acknowledged by G. W. Burton before Dan P. English, a Notary Public in and for Winkler County, Texas, bearing date the 10th day of June, 1933.

The appellant's first contention is that the court erred in overruling his motion to quash the indictment in that it does not sufficiently describe the property alleged to have been stolen. We have examined the indictment and believe that the description of the property is sufficient, and in support of the views herein expressed we refer to the following cases: Pye v. State, 171 S. W., 741; Schenk v. State, 174 S. W., 357.

The appellant's second complaint is that the court erred in overruling his application for a continuance by reason of the absence of G. W. Burton by whom he expected to prove that he, the appellant, obtained the bill of sale from the said Burton for the identical pipe described in the indictment. We do not believe that the court committed any error in this respect because the application for continuance is wholly insufficient in that it fails to state when process was applied for and issued nor does it state the residence of the witness or that his residence is unknown, which is necessary under Art. 543, C. C. P., as well as under the decisions in the case of Anderson v. State, 8 Texas App., 542, and Young v. State, 230 S. W., 414.

The appellant's next contention is that the court erred in permitting the district attorney, while the appellant was being cross-examined and after he, the appellant had introduced the bill of sale, to propound to the appellant the following questions: "Did not you know that G. W. Burton was sent to the penitentiary from San Angelo, Texas, for theft and that he had been out of the penitentiary only two or three months at the time the bill of sale was made? Did not you know that Burton was just a short time out of the penitentiary and was staying with his brother and had no business? Did not you ask the sheriff at Van Horn how long G. W. Burton had been out of the penitentiary?" What answers, if any, were made by the witness to the interrogatories is not disclosed by the bill of exception. However, the bill of exception does show that the court instructed the jury that the district attorney's statement was not any testimony and could not be considered by the jury. In the case of Ard v. State, 101 Texas Crim. Rep., 545, this court said: "The bill of exception fails to disclose any

answer to the question, and is wholly insufficient to show any error complained of, or how the defendant was prejudiced thereby." We see no reason why we should depart from that rule and therefore overrule appellant's contention.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.