GEORGE JETERS V. THE STATE

No. 17390.   Delivered April 24, 1935.

The opinion states the case.

*Jno. M. Hatter,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the theft of an automobile; penalty assessed at confinement in the penitentiary for four years.

The opinions heretofore rendered affirming the judgment and overruling the appellant's motion for rehearing are withdrawn.

Appellant contends that the conviction cannot stand for the reason that the prosecution is based upon an indictment which was not in form or substance found by the grand jury.   From the evidence, it appears without question, that in the indictment as originally written, found and returned by the grand jury, the date of the offense was alleged as October 17, 1934. At the time of the trial it was discovered that the date of the alleged offense was in fact October 17, 1933.   By consent the indictment was changed so as to aver that the date of the offense was October 17, 1933.   In article 533, C. C. P., the following appears:   "Any matter of form in indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterwards.   *No matter of substance can be amended."*

The time of the alleged offense is a matter of substance which may not be changed or supplied by amendment. See Texas Jur., vol. 23, p. 677, sec. 64, and cases collated. See, also, Norman v. State, 75 S. W. (2d) 886, and cases therein cited.

In view of the facts above cited and the authorities collated, and in obedience to the law as it has long been declared both by statute and judicial interpretations, the indictment upon which the appellant was tried is not that which was signed and returned by the grand jury. Under the law of this State, it is imperative that in a criminal case of the grade of felony, the prosecution must be begun and prosecuted upon an indictment found and returned by the grand jury.

The second motion for rehearing is granted, the judgment of conviction is annulled, and the prosecution ordered dismissed.

It is also ordered that the mandate previously issued be recalled.

*Conviction annulled and prosecution dismissed.*