**Francis Marie PERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42138.**

Court of Criminal Appeals of Texas.

June 4, 1969.

Rehearing Denied July 16, 1969.

John W. O'Dowd, Walter E. Boyd, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Al Thomas, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is misdemeanor shoplifting (Article 1436-e, Vernon's Ann.P.C.); the punishment, 5 days' confinement in the county jail and a fine of $75.00.

The information charged the appellant with unlawfully removing merchandise from the complainant's store, to wit: "One bottle of depilatory cream and one pair of nail clippers, one brush, one bottle of aspirin, four batteries of the value of less than fifty dollars ($50.00)."

The complaining witness related that he did not bring to court with him a list of the items recovered from the appellant's purse, but he did recall that among other things one brush, one pair of nail clippers and four batteries were taken from appellant's possession at the time of her apprehension and that such items had a value of substantially less than $50.00.

In its charge the court authorized the jury to convict if they found beyond a reasonable doubt that the appellant had illegally removed as charged "one brush, four batteries and one pair of nail clippers of the value of less than fifty dollars."

In her first ground of error appellant, without citation of authority, contends the court in its charge "improperly com-

mented on the weight of the evidence * * * by singling out only a portion of the items alleged in the information to have been taken and by omitting the others therein alleged."

We cannot conclude in view of the proof offered that such constituted a comment on the weight of the evidence prohibited by Article 36.14, Vernon's Ann.C.C.P. See also Article 38.05, V.A.C.C.P.

■ Where the information charges misdemeanor shoplifting, a first offense, the failure of the State to prove that the accused took all the items alleged in the information as having an aggregate value of less than $50.00 would not vitiate the conviction. Proof that the accused shoplifted one of the items alleged would be sufficient to sustain the conviction under the statute. Cf. Schenk v. State, 76 Tex.Cr.R. 235, 174 S.W. 357; Fellows v. State, 99 Tex.Cr.R. 597, 271 S.W. 86; Gizzo v. State, 160 Tex.Cr.R. 593, 272 S.W.2d 898. The value alleged and that proved did not affect either the grade of the offense or the punishment. See Sullivan v. State, 172 Tex.Cr.R. 156, 354 S.W.2d 168; Hartley v. State, Tex.Cr.App., 382 S.W.2d 483; Attorney General's Opinion No. C-465 (1965).

Ground of error #1 is overruled.

■ We find no merit in appellant's claim that a fatal variance exists between the allegation and proof as to the "owner of the property in question." This claim is apparently based upon the erroneous spelling of the complainant's name by the court reporter in the original preparation of the transcription of the court reporter's notes.

Upon the State's motion to cause the record to speak the truth, a stipulation was entered into by the appellant in person, her counsel and the State, and approved by the court, to the effect that a clerical error had occurred and that the correct spelling of the complainant's name was the same as set forth in the information. The court then ordered the transcription of the court reporter's notes corrected accordingly so that the record would speak the truth. See Article 40.09, Sec. 7, V.A.C.C.P.

Ground of error #2 is overruled.

■ Lastly, appellant complains of the trial court's failure to charge on the law of circumstantial evidence despite her special requested charge.

Herbert Megason, store manager at Weingarten's Grocery Store No. 21, 1102 Telephone Road, Houston, Harris County, Texas, testified he saw the appellant in the store on August 18, 1967, pushing a grocery cart. He observed her "gathering up quite a few drug items." When the appellant went to another part of the store he saw her place one of the items in her purse. Later, during the 20 minutes he watched her he saw the appellant place several more items in her purse as she walked up and down the aisles.

Subsequently, appellant went to the checkout counter and paid for some groceries but she did not open her purse. Megason stopped her outside the store. At his request appellant removed 7 or 8 items from her purse shown to have been taken from the store. These included in part a bar of expensive soap, a hair roller, a pair of nail clippers, four flashlight batteries and a brush. Megason detained her until an officer arrived.

R. E. Luther, a Houston police officer, related he was dispatched on the occasion in question near the noon hour to the Weingarten store. There he saw the appellant in the storeroom and arrested her, making a list of the items taken. He testified that he did not bring his offense report to court but the items were "cosmetic type things."

Under the facts described the court did not err in failing to charge the jury on the law of circumstantial evidence.

Ground of error #3 is overruled.

The judgment is affirmed.