James W. HOWARD, Appellant,

v.

STATE of Texas, Appellee.

Nos. A14–81–300–CR, A14–81–301–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 9, 1982.

Rehearing Denied Jan. 13, 1983.

"then and there unlawfully with intent to commit capital murder while in the course of committing and attempting to commit aggravated robbery of [complainant] ... attempt to cause the death of [complainant] by intentionally shooting [the complainant] with a gun."

After filing a written waiver of trial by jury, appellant entered pleas of guilty on both charges of attempted capital murder. The statement of facts shows that the following then took place:

MR. McLEAN (Appellant's counsel): May it please the court, Mr. Carpenter and I had agreed to an amendment to the indictment.

THE COURT: It is amended on the pleas.

MR. McLEAN: We would like it to be written in on the original indictment.

THE COURT: All right, the clerk will amend the indictment.

The clerk then added the following allegations to each indictment:

"to wit: a shotgun, such act committed amounted to more than mere preparation that tended but failed to effect the commission of the offense intended."

Appellant's attorney then stated, "Mr. Carpenter and I have agreed to an amendment to the indictment in both causes and I stipulate to the amendment and I have no objection to the form of the indictment."

In his first four grounds of error appellant complains of the above-quoted amendments to the indictments. He argues that the indictments as originally returned by the grand jury were fundamentally defective for failure to allege that the appellant's act of shooting the complainant with a gun was an act "amounting to more than mere preparation that tended but failed to effect the commission of the offense intended." Tex.Penal Code Ann. § 15.01(a) (Vernon Supp.1982). He then argues that the substance of such indictments could not be amended at any time and the form thereof could not be amended after both the state and appellant had announced ready for trial upon the merits. Tex.Code Crim.Pro.Ann. art. 28.10 (Vernon 1966).

Allen Isbell, Houston, for appellant.

Winston Cochran, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MILLER and JUNELL, JJ.

JUNELL, Justice.

This is a consolidated appeal from two convictions of attempted capital murder. Appellant entered pleas of guilty on both counts, and the court assessed punishment at 30 years confinement in the Texas Department of Corrections. We affirm.

The grand jury returned two indictments, each charging that appellant did:

The state counters with the argument that the original indictments alleging appellant attempted to cause the death of complainant by shooting him with a gun implicitly allege an act amounting to more than mere preparation that tended but failed to effect the commission of the offense intended. The state then argues that the amendments did not contain "matters of substance" prohibited by article 28.10. The state concedes that amendment of the indictments after both parties had announced ready for trial on the merits was improper under article 28.10, but says the error was harmless since the original indictments sufficiently alleged the offense of attempted capital murder and the amendments did not in fact alter the substance of the original indictments. The state also urges that appellant cannot raise the question of defects in the form of the indictments for the first time on appeal. The record shows appellant did not file a motion to quash the indictments and made no objection but on the contrary expressly agreed to the amendments and stated he had no objection to the form of the indictments.

We will consider first the question whether the indictments as originally returned were fundamentally defective. Tex.Penal Code Ann. § 15.01(a) (Vernon Supp.1982), under which appellant was indicted, provides:

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

Tex.Code Crim.Pro.Ann. art. 21.17 (Vernon 1966) provides:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

In *Colman v. State,* 542 S.W.2d 144 (Tex. Cr.App.1976), an attempted capital murder case, the indictment alleged that Colman did, with specific intent to commit the offense of capital murder, attempt to cause the death of the complainant by shooting him with a pistol. On appeal Colman contended that the omission of the phrase "amounting to more than mere preparation that tends but fails to effect the commission of the offense intended" rendered the indictment fundamentally defective. The court rejected Colman's contention, holding the indictment was not fundamentally defective for failure to include the quoted phrase.

The *Colman* decision was followed in *Hart v. State,* 581 S.W.2d 675 (Tex.Cr.App. 1979), in which Hart was convicted of the lesser included offense of aggravated assault based on an indictment of attempted murder. The indictment alleged that Hart knowingly and intentionally with intent to commit the offense of murder attempted to cause the death of the complainant by stabbing him with a knife. Once again the indictment failed to allege that the act of stabbing with a knife was an act "amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." On appeal Hart contended that this omission rendered the indictment fundamentally defective. In rejecting that contention the court of criminal appeals said:

The indictment is sufficient if the act of stabbing with a knife goes beyond mere preparation. See, generally, V.T. C.A. Penal Code, Secs. 19.02 (murder) and 15.01 (attempt). To argue that the physical act of thrusting a knife blade into the complainant's body is mere preparation does not comport with common experience or reasoning. While simple acquisition and possession of a weapon would, in most situations, be preparation, putting that weapon to use to inflict injuries clearly goes beyond preparation. By alleging that appellant attempted to cause death by stabbing, the State has alleged an act beyond mere preparation which fell short of the intended offense of murder. *Hart,* 581 S.W.2d at 678.

The reasoning of the court in *Hart* applies with equal force here. By alleging that appellant attempted to cause the death

of the complainant by shooting him with a gun, the state has alleged an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

Appellant fails in his effort to distinguish *Colman* and *Hart* on the ground that those two cases held only that indictments there considered were sufficient to allege an act "amounting to more than mere preparation" and did not hold that the act alleged "tended but failed to effect the commission of the offense intended." A careful study of the opinions in *Colman* and *Hart* convinces us that those cases are not distinguishable from the case now before us. Therefore, we hold that the indictments as originally returned by the grand jury in this case were not fundamentally defective.

█ We consider next the question whether the amendments to the indictments contained matters of substance. It is well settled that allegations not essential to constitute the offense, and which might be entirely omitted without affecting the charge against a defendant, and without detriment to the indictments, are treated as mere surplusage and may be entirely disregarded. *Burrell v. State,* 526 S.W.2d 799 (Tex.Cr.App.1975). Stated another way, if not descriptive or explanatory of that which is legally essential to the validity of the indictment, unnecessary words or allegations may be rejected as surplusage. *Burrell,* 526 S.W.2d at 802. In the case before us the original indictments charged appellant with shooting the complainant with a gun. The amendment added the words "to wit: a shotgun..." We hold that these added words were not essential to constitute the offense and could have been entirely omitted without affecting the charge against appellant. Neither were they descriptive or explanatory of that which was legally essential to the validity of the indictment. Therefore, they may be treated as mere surplusage and entirely disregarded. The same may be said with respect to the addition by amendment of the words "such act committed amounted to more than mere preparation that tended but failed to effect the commission of the offense intended." These last words were implicitly alleged in the indictment as originally returned; their addition by amendment may be treated as surplusage and disregarded. We conclude, therefore, that the amendments to the indictments contained no matters of substance within the meaning of article 28.10. Although the amendments to the indictments came too late even as to matters of form, according to article 28.10, no objection to the amendments was made by appellant. On the contrary, appellant agreed to the amendments and his attorney expressly stated he had no objection to the form of the indictments. Under these circumstances appellant cannot complain of the amendments for the first time on appeal. Furthermore, the amendments to the indictments occurred after appellant had entered his guilty pleas and had been admonished by the court regarding the consequences of pleading guilty, and after the court had accepted the guilty pleas and admitted in evidence the judicial confessions. It is clear from the record before us that even though the amendments to the indictments were untimely under article 28.10, the error was harmless beyond a reasonable doubt.

Appellant's last two grounds of error concern the capital murder statute. Tex.Penal Code Ann. § 19.03 (Vernon 1974) provides in pertinent part:

(a) A person commits an offense if he commits murder as defined under § 19.-02(a)(1) of this code and:

  \*    \*    \*    \*    \*    \*

(2) The person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated rape, or arson.

Appellant contends that his conviction should be reversed because he does not stand convicted of a crime which is specifically enumerated as an aggravating offense in the capital murder statute. We do not agree.

The commentary following Tex.Penal Code Ann. § 19.03 (Vernon 1974) states that the statute "requires an intentional or

knowing killing plus one of the aggravating factors listed in the five subdivisions to constitute capital murder." The indictments in the instant case charge appellant with *aggravated robbery;* the statute calls for *robbery* as an aggravating factor.

 The offense of aggravated robbery includes all elements of robbery. Tex.Penal Code Ann. § 29.03 (Vernon 1974). Thus, if one commits the offense of aggravated robbery, he also commits the offense of robbery. Consequently, we hold that if one intentionally or knowingly causes the death of an individual in the course of committing or attempting to commit aggravated robbery, he is guilty of capital murder just as if such killing occurred while in the course of committing or attempting to commit robbery. *See Carter v. State,* 650 S.W.2d 843, (Tex.App.—Houston [14th Dist.] 1982, pet. filed). While appellant is correct in contending that the courts may not expand the capital murder statute to include *new* aggravating factors, we feel that the instant case involves no new aggravating circumstances. The convictions are affirmed.