**James Wesley HOWARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 168–83, 169–83.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 8, 1984.

---

Allen C. Isbell, Houston, on appeal only, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

These are appeals from convictions for attempted capital murder. Appellant entered guilty pleas to the two indictments in a bench trial, and the court assessed 30 years' imprisonment in each case.

On appeal the Houston (14th) Court of Appeals in affirming the conviction, inter alia, held that amendments to the indictments contained no matters of substance within the meaning of Article 28.10, V.A.C.C.P., and even though the amendments came too late as matters of form under said statute, the error was harmless beyond a reasonable doubt under the circumstances. See *Howard v. State*, 650 S.W.2d 460 (Tex.App.—Houston [14th] 1982).

We granted appellant's petition for discretionary review to determine the correctness of the holding of the Court of Appeals relating to the amendments of the indictments.

The two indictments, omitting the formal parts, read in part as follows, alleging the appellant did:

"then and there unlawfully with intent to commit capital murder while in the course of committing and attempting to commit aggravated robbery of [complainant] attempt to cause the death of [complainant] by intentionally shooting [the complainant] with a gun."

No motions to quash the indictments were filed or urged. There was no objection when the appellant waived reading of the indictment. After written waivers of trial by jury, the appellant entered pleas of guilty before the court on both offenses. The trial judge admonished the appellant as required by Article 26.13, V.A.C.C.P. The State then offered its evidence. See Article 1.15, V.A.C.C.P. There were stipulations which were introduced including judicial confessions. The State then rested, and the record reflects:

"THE COURT: Anything on the merit Mr. McLean?

"MR. McLEAN (defense counsel): May it please the Court [the prosecutor] and I had agreed to an amendment to the indictment.

"THE COURT: It is amended on the pleas.

"MR. McLEAN: We would like it to be written in on the original indictment.

"THE COURT: All right, the Clerk will amend the indictment."

After the court had found the appellant guilty on both indictments, appellant's counsel stated again:

"[The prosecutor] and I have agreed to an amendment to the indictment in both causes and I stipulate to the amendment and I have no objection to the form of the indictment."

The record does not reflect that the prosecutor either confirmed or denied the agreement. The statement of facts do not reveal what amendments the appellant sought. The original printed and typed indictments do have inked on or added in handwriting the following:

"to wit: a shotgun, such act committed amounting to more than mere preparation that tended but failed to effect the commission of the offense intended."

Article 28.10, V.A.C.C.P., provides:

"Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended."

■ Thus an amendment of an indictment may be made as to form if timely made before the announcement of ready by both parties. *Burrell v. State,* 526 S.W.2d 799, ˙802 (Tex.Cr.App.1975); *Roberts v. State,* 489 S.W.2d 113 (Tex.Cr.App.1972). See also *Craig v. State,* 480 S.W.2d 680 (Tex.Cr.App.1972). After the trial commences, the indictment should not be amended as to form or substance. *Burrell v. State,* supra; *Jackson v. State,* 419 S.W.2d 370 (Tex.Cr.App.1967).

■ In the instant case the amendment was sought to be made for the first time after the State had rested its case. The indictment should not have been amended at this time as to either form or substance.

In *Burrell* this court wrote:

"In the early case of *Calvin v. Texas,* 25 Tex. 789 (1860), where an allegation of ownership was stricken by agreement between the district attorney and defense counsel the court noted the amendment involved substance and that neither counsel nor the district attorney and the prisoner, nor the trial court could materially alter the indictment in light of the statute (a forerunner of Article 28.10, Vernon's Ann.C.C.P. containing the same wording). See also *Schenk v. State,* 76 Tex.Cr.R. 235, 174 S.W. 357 (1915).

"*Jeters v. State,* 128 Tex.Cr.R. 379, 82 S.W.2d 150 (1935), also made clear that an amendment cannot be made even if the parties consent. *Morman v. State,* 127 Tex.Cr.R. 264, 75 S.W.2d 886 (1934); noted that an indictment cannot be legally amended as to substance, . . . ."

We need not determine in the instant case whether the amendments were of form or substance, for the amendments, at the time made, could not be legally made even with the parties' consent. The attempt at amendment of the indictments was a legal nullity.

■ The Court of Appeals found the indictments as originally returned were not fundamentally defective. The evidence supports appellant's guilty pleas to the original indictments. It is the appellant who at a belated time sought the amendments which had no legal effect. See Article 1.14, V.A.C.C.P.

The Court of Appeals' judgment is affirmed.

MILLER, Judge, concurring.

In the instant cause, the Court of Appeals held that the amendments to the indictment could be entirely disregarded as "mere surplusage" which contained no matters of substance within the meaning of Art. 28.10, V.A.C.C.P. Thus, the Court concluded, since the amendments concerned only matters of form and appellant made no objection to same, the objection was waived. *Howard v. State,* 650 S.W.2d 460 (Tex.App.—Houston [14th] 1982).

The appellant argued in his petition for discretionary review, however, that the addition of the words "to wit: a shotgun" to the indictment concerned matters of substance and could not be waived. We granted appellant's petition on that issue.

Accordingly, the problem having been thus delineated, resolution initially should hinge on a determination involving the traditional "form versus substance" rationale addressed in *Burrell v. State,* 526 S.W.2d 799 (Tex.Cr.App.1975). The majority opinion espousing, without citation of authority, a "legal nullity" theory to resolve the problem inherent in this case plows new ground where no plowing is necessary. In the past when the courts have talked about amendments to an indictment, that term encompassed *both* additions and deletions to the indictment. The time honored "form versus substance" rationale applies whether the amendment concerns additions or deletions, but the concurring opinion's "legal nullity" rationale apparently proposes a different rule for additions. (Surely it cannot be argued that substantive deletions from an indictment prior to a jury's verdict or a court's judgment can be treated as a "legal nullity". See *Burrell,* supra.) Relegating the "form versus substance" rationale to indictment trial amendments that are deletions and creating a new rule of "legal nullity" for indictment trial amendments

that are additions is unnecessary. The time honored rule works quite well regardless of whether the amendment is an addition or a deletion. The majority opinion blithely ignores the complications it creates for future amendment cases.

Accordingly, although I agree with the result reached by the majority, I cannot agree with the perfunctory reasoning used to reach this result. We should address the issue presented: did the amendments concern matters of substance, and if so, must the appellant's conviction be reversed because of this substantive amendment.

Certainly, the addition of the phrase "such act committed amounting to more than mere preparation that tended but failed to effect the commission of the offense intended" was not essential to allege the offense of attempted capital murder, since the original indictments sufficiently alleged facts to show that element of the offense. *Hall v. State*, 640 S.W.2d 307 (Tex.Cr.App.1982). The addition of the phrase was merely repetitious.

It is also clear that the addition of the phrase "to wit: a shotgun" was not essential to allege the offense. The indictments alleged appellant attempted to kill the complainant by shooting him "with a gun." The original description of the weapon as a gun was a sufficient allegation of the means. *Dickson v. State*, 134 Tex.Cr.R. 22, 113 S.W.2d 528 (1938). A shotgun is a "gun." See *Dickson*, supra; *Nelson v. State*, 573 S.W.2d 9 (Tex.Cr.App.1978). By agreeing to add the phrase "to wit: a shotgun," the State was agreeing to plead more specifically than required. *Nelson*, supra.

Accordingly, the original indictments were sufficient to allege the offenses and were not fundamentally defective. The additional phrases were unnecessary.

That fact alone, however, does not justify the Court of Appeals' conclusion that the amendments concerned only matters of form and thus can be disregarded as surplusage. The general rule is that unnecessary words or allegations may be rejected as surplusage *if they are not descriptive or explanatory* of that which is legally

essential to the validity of the indictment. *Burrell*, supra. See also *Davis v. State*, 532 S.W.2d 626 (Tex.Cr.App.1976). It is well settled, however, that if the indictment makes unnecessary allegations *descriptive of the identity* of the offense charged, the State must prove such allegations. *Franklin v. State*, 659 S.W.2d 831 (Tex.Cr.App. 1983); *Brasfield v. State*, 600 S.W.2d 288 (Tex.Cr.App.1980) (opinion on rehearing); *Burrell*, supra at 802–803.

In this instance, the phrase "to wit: a shotgun" *was* descriptive of that which was legally essential to the validity of the indictments, i.e., the means, and if originally alleged in the indictments could not have been treated as surplusage and, as such, disregarded. See *Brasfield*, supra; and *Burrell*, supra. See and cf. *Davis*, supra. Consequently, contrary to the impression left by the holding of the Court of Appeals, if the language in question had been originally included in the indictment, the State could not have deleted the phrase as mere surplusage and would have had the burden of proving the allegation.

In this instance, however, we are confronted by a different situation. The descriptive allegation was added to the indictment during the trial before the court. The record reflects this addition was made not only with the consent of appellant's counsel, but at his request. Appellant asks this Court to hold he is entitled to a reversal when his counsel invites the trial court to commit the error by requesting an untimely, unnecessary, and harmless amendment to a legally sufficient indictment. I agree with the majority that we should decline to do as appellant requests, not by pretending that the amendments never occurred, as the majority does, but by holding that the error committed was harmless beyond a reasonable doubt.

The requested amendment was made during a trial before the bench on appellant's plea of guilty. The amendment was unnecessary and was not made in an improper effort to cure a defective indictment. See *Rutherford v. State*, 74 Tex. Cr.R. 617, 169 S.W. 1157 (1914). The State

proved each of the allegations, even those added by amendment. See *Franklin,* supra; and cf. *Davis,* supra. The amendment had no effect on the outcome of appellant's trial and the appellant was in no way harmed.

Accordingly, I believe we should directly address the issues presented by the appellant and correct the erroneous language contained in the Court of Appeals' opinion. I object to the majority's failure to do this. Nevertheless, since I would also affirm the judgment of the trial court, I concur in the opinion of the majority.

CLINTON, J., joins.