**Anthony JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–00711–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 28, 1988.

Rehearing Denied Aug. 25, 1988.

Terrence A. Gaiser, Houston, for appellant.

John B. Holmes, Dist. Atty., Carol Cameron, Asst. Dist. Atty., Harris County, for appellee.

Before JACK SMITH, COHEN and DUNN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a conviction of robbery. The jury found appellant guilty, found the two enhancement paragraphs to be true, and assessed punishment at 43 years confinement. In three points of error, appellant contends that the trial court erred in submitting to the jury the parole charge, and in allowing the State to amend the enhancement paragraph over his objection.

During the guilt/innocence phase, the complaining witness testified that she is the proprietor of a small convenience store. Services at the store included cashing checks. She stated that the week before the robbery, appellant presented a check for her to cash. Appellant was unable to produce identification, so she called the drawer of the check to confirm appellant's identity. The following week, and approximately 10 to 15 minutes before the robbery, appellant returned with another check for her to cash. The complainant testified that because she remembered appellant's face and name, she did not require any further identification. Moments later, appellant and an accomplice returned, entered the store, and robbed the complainant of her money and a pistol. The complainant testified that the accomplice held her by the neck while appellant went behind the counter and took her money and a gun.

During the punishment hearing, the State reintroduced the guilt/innocence evidence and introduced two penitentiary packets pertaining to appellant's prior felony convictions for robbery and burglary of a habitation. The records indicated that appellant had been released from the penitentiary less than three months before the latest robbery occurred.

In his first and second points of error, appellant contends that the trial court erred in submitting to the jury the mandated parole charge. Specifically, appellant contends that the parole charge is unconstitutional.

The Court of Criminal Appeals has held that Tex.Code Crim.P.Ann. art. 37.07 § 4 (Vernon Supp.1988) is unconstitutional as a violation of "the separation of powers" and "due course of law" provisions of the Texas Constitution. *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988) (op. on reh'g). The harm analysis in Tex.R.App.P. 81(b)(2) provides the applicable test for review. Rule 81(b)(2) provides that unless the appellate court determines, beyond a reasonable doubt, that the error made no contribution to the punishment, the judgment must be reversed. However, as in *Rose*, the trial court's instructions in the instant case included an instruction to the jury that:

> You may consider the existence of the parole law and good time conduct. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which parole may be applied to this particular defendant.
>
> You are not to discuss among yourselves how long the accused would be required to serve the sentence that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas, and must not be considered by you.

Therefore, a rebuttable presumption applies that a jury follows the instructions given by a trial judge. *Rose v. State*, at 532; *Cobarrubio v. State*, 675 S.W.2d 749, 752 (Tex.Crim.App.1983).

In addition to the curative instruction by the judge, there are the facts of the case, and appellant's two prior felony convictions. Under Tex.Penal Code Ann. § 12.42(d) (Vernon Supp.1988), appellant's minimum sentence was 25 years. The prosecutor requested a life sentence and did not mention the parole charge. Punishment was assessed at 43 years confinement. Considering these factors, we conclude, beyond a reasonable doubt, that the statutory parole instruction made no contribution to the punishment assessed.

Appellant's points of error one and two are overruled.

In his third point of error, appellant contends that the trial court erred in allowing the State to amend the indictment, over his objection, prior to the punishment phase of the trial. Specifically, appellant contends that he was prejudiced by the State's amendment because the paragraph as originally written was a "legal nullity."

Appellant's indictment contained the following paragraph:

Before the commission of the primary offense, and · after the conviction in Cause No. 355782 was final, the Defendant ~~committed the Felony of Aggravated Assault and~~ was convicted on June 1, 1984, in Cause No. 400877, in the 263rd District Court, of Harris County, Texas, ~~the Defendant was convicted~~ of the Felony of Robbery. [Strike-through in original.]

Two days into the trial, on the State's motion, the court allowed the enhancement paragraph to be amended by deleting that portion of the indictment that has been struck-through, as shown above. Appellant's objections stated: "My client has already been convicted on that cause and everything that is in the indictment. We would object to anything being changed at this time and stand as is."

■ We first observe that appellant's objection was a general objection and was not sufficient to apprise the trial court of the basis of his objection. We also note that appellant's point of error on appeal does not comport with his trial court objection. We further observe that although the appellant is now claiming that the amended paragraph as originally written was a "legal nullity," no motion to quash the indictment because of such "legal nullity" was made by appellant; in fact, appellant pleaded true to both enhancement paragraphs.

■ The singular purpose of an enhancement paragraph in an indictment is to provide notice to the accused of the prior conviction(s) relied upon by the State to enhance the accused's punishment. *Coleman v. State,* 577 S.W.2d 486, 488 (Tex.Crim. App.1979). The enhancement paragraph need not have the specificity required of the primary count. *Coleman,* 577 S.W.2d at 488; *Cooper v. State,* 500 S.W.2d 837 (Tex.Crim.App.1973).

Appellant relies on *Howard v. State,* 667 S.W.2d 524, 526 (Tex.Crim.App.1984), to support his argument that an indictment may not be amended after a trial commences. *Howard,* and the predecessor cases cited therein, relied on Tex.Code Crim.P.Ann. art. 28.10 (Vernon 1966).[1] Apparently, as a result of the *Howard* decision, in 1985 article 28.10 was amended by the legislature to address certain issues raised in *Howard.* Article 28.10(c) as amended states:

An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or *if substantial rights of the defendant are prejudiced.* [Emphasis added.]

Also, subsequent to the *Howard* decision, in 1985 the Court of Criminal Appeals promulgated new rules of appellate procedure. Among the new rules is rule 81(b)(2), which states:

If the appellate record in a criminal case reveals an error in proceedings below, the appellate court shall reverse the

---

**1.** Ch. 722, 1965 Tex.Gen.Laws 317, 434, *amended by* ch. 577, § 1, 1985 Tex.Gen.Laws 2197, 2197.

judgment on a review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

■ Because the original enhancement paragraph and the amended enhancement paragraph both set forth the proper date of conviction, trial court, county, and trial court cause number of the prior conviction relied upon by the State for enhancement purposes, appellant was provided proper notice of the prior felony. *Freda v. State*, 704 S.W.2d 41 (Tex.Crim.App.1986).

■ Assuming, without ruling, that the trial court erred in permitting the State to amend the indictment after the trial commenced, we cannot sustain appellant's point of error for two reasons. First, appellant has not alleged that he was "prejudicially surprised" by the amendment to the paragraph. Although he has alleged that he was prejudiced, he has not stated specifically that he has been deprived of any substantial rights. *See* art. 28.10(c). Second, because appellant has not shown any harm as required by rule 81(b)(2), and because it is patently clear that appellant had notice of the specific conviction upon which the State was relying for enhancement purposes, we hold that the error, if any, created by the trial court's allowing an amendment to the enhancement paragraph, made no contribution to the conviction or to the punishment of appellant beyond a reasonable doubt.

Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.