Howard Dan **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 48555.

Court of Criminal Appeals of Texas.

June 26, 1974.

Dale Long, Tyler, for appellant.

Curtis L. Owen, Dist. Atty. and Howard W. Britain, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for rape wherein the jury assessed punishment at one hundred (100) years' confinement in the Department of Corrections.

Appellant does not challenge the sufficiency of the evidence. Suffice it to say the State's evidence reflects that after ar-

riving home from a concert about midnight on January 20, 1973, the 14 year old prosecutrix between 12:30 and 1 a. m. walked four blocks to a Seven-Eleven convenience store located in Tyler which she believed to be open 24 hours. Just as she approached the store, she observed a man coming from the opposite direction. She then discovered the store was closed and turned to leave when she was grabbed from behind and forced to an adjacent driveway where she was threatened with a gun and raped. Immediately after the assault, the prosecutrix started running home, climbing fences and going through back yards. She observed a police car, but it was gone before she "got over the fence." Upon arriving home, she called a friend of her mother's whose husband and child came to the house just as the prosecutrix's sister arrived. She made an immediate outcry and was taken to the hospital. The State's evidence further reveals that at about the same time the assault was committed two Tyler police officers, who had received a suspicious person's call, drove by the store in question and observed a man running from the vicinity of the business. While pursuing the individual, gunfire was exchanged and the officers finally apprehended the individual hiding under a porch with a pistol in his front pocket. He was identified as the appellant.

Immediately after his arrest, appellant was taken before the Honorable Glenn S. Phillips, Judge of the Municipal Court of the City of Tyler, who apprised the appellant of the charges of rape and assault with intent to murder a police officer and warned him of his rights in accordance with Article 15.17, Vernon's Ann.C.C.P. Appellant signed a statement that he had been so warned. Immediately thereafter, appellant was taken to the detective's office where he was again warned pursuant to Article 38.22, Vernon's Ann.C.C.P., and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), by Officer Gerald Hayden. Hayden related that ap-

pellant stated he understood his rights, did not want a lawyer, and wanted to make a statement, which he did in his own handwriting and then signed after reading the same aloud, which contained on its face the Miranda warnings and a waiver of the right to counsel and the privilege against self-incrimination.

Testifying at the motion to suppress, which constituted the Jackson v. Denno [1] or Article 38.22, Vernon's Ann.C.C.P., hearing, the appellant asserted that he was coerced in making the statement since one of the officers stated that if he didn't the officers "would make it hard for the appellant."

At the conclusion of the hearing the careful trial judge filed his detailed findings of fact and conclusions of law, deciding "beyond a reasonable doubt that the said statement or confession was freely and voluntarily made without any kind of persuasion or compulsion or threats of any kind, and without any promises of any kind have been made to him." He further found that the proper warnings had been given and that appellant had affirmatively waived his rights.

Thereafter, substantially the same evidence on the admissibility and voluntariness of the confession was admitted before the jury and the issue thereon was submitted to the jury during the guilt-innocence stage of the appellant's trial.

In his first ground of error appellant complains the "prosecution in closing argument improperly informed the jury of the trial judge's findings that the appellant's purported confession was voluntary and properly admissible contrary" to Article 38.22, Vernon's Ann.C.C.P.

During the State's jury argument at the guilt stage, the following is shown:

"MR. TATUM (Prosecutor): . . . Confessions, there's not a thing in the world wrong with confessions. I guess

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 998 (1964).

one of our largest religions has as its very foundation the idea that people ought to confess and clear their conscience of what they have done, and it's not unclean, it's not unlawful, if there is anything wrong at all with the confession, Judge Power wouldn't have let it into evidence, and that goes to show—.

"MR. LONG: Objection, Your Honor, that is an unwarranted comment also. Your Honor, may we approach the Bench on that, please?

"THE COURT: Yes, sir.

"(Discussion held at the Bench and the following objection made out of hearing of the Jury.)

"MR. LONG: We object to Counsel's last remark that the Court would not have allowed the confession unless he thought that it was voluntary and good, we object to that because it tells the Jury that the Judge has passed on its voluntariness, it removes any freedom from the Jury to determine voluntariness on their own, it lends the added weight and prestige of the Court in sanctioning the validity of the confession. We respectfully object to that and request that the Jury be instructed to disregard it and Counsel instructed not to make any further comments along that line.

"THE COURT: Okay. I'm going to sustain the objection. Ladies and Gentlemen, you will not consider the statement of Counsel with reference to the Court permitting the confession in evidence for any reason or any purpose. Go ahead.

"* * *

"MR. TATUM: Certainly, I'm not suggesting to this Jury nor would I suggest to a Jury that Judge Power by admitting something vouches for its truth, he doesn't, he leaves that up to a Jury to decide whether or not something is true, but as to points of law, whether or not

certain things are material to a case, those are objections of the law that the Court rules on . . . ."

Section 2 of Article 38.22, Vernon's Ann.C.C.P., provides in part:

". . . If the confession or statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its findings, which order shall be filed among the papers of the cause. *Such order shall not be exhibited to the jury nor the finding thereof made known to the jury in any manner* . . . ." (Emphasis supplied)

■ The prosecutor may, without referring to the findings of the trial court, properly argue to the jury any relevant testimony concerning the voluntariness of a confession when such issue is raised. Crystal clear is the legislative intent prohibiting the court's order or its findings to be made known to a jury in a case when a confession is used. Since the issue of admissibility and voluntariness of the confession had been submitted to the jury under the so-called Massachusetts rule [2] adopted by this court in Lopez v. State, 384 S.W.2d 345 (Tex.Cr.App.1964), and made a part of the statutory scheme by Article 38.22, supra, the argument should not have been made. While we cannot condone such argument, we note that the confession was admitted into evidence by the court in the jury's presence, the argument did not refer to the separate hearing, the court's order or any specific finding of the court regarding the voluntariness of the confession, and the prosecutor subsequently told the jury, without objection, that when something is admitted into evidence the judge didn't vouch for its truthfulness but left such matters to the jury.

Further, we observe that the appellant appears to have been satisfied with the

---

2. See discussion of such rule in Harris v. State, 457 S.W.2d 903, 914 (Tex.Cr.App. 1970).

jury instruction to disregard, for he did not ask for a mistrial and obtained all the relief requested. The error is thus not reversible error under the circumstances of the instant case. Ramos v. State, 419 S.W.2d 359 (Tex.Cr.App.1967); Rodriquez v. State, 495 S.W.2d 952 (Tex.Cr.App. 1973). Prosecutors, however, are cautioned to avoid such argument.

Appellant's first ground of error is overruled.

Appellant's second ground of error reads: "Evidence of an extraneous offense was admitted without cautioning the jury to consider such evidence for certain limited purposes when the extraneous evidence served no purpose other than to cast the appellant in the most prejudicial of all lights."

Under such ground of error appellant appears to argue both the admissibility of the extraneous offense of "the shoot out" occurring shortly after the alleged offense as well as the court's failure to give a limiting instruction concerning such "shoot out."

In his written "objections" to the court's charge appellant urged the court to "add to the charge" an instruction that the jury was not to consider the "shoot out" an extraneous offense for "(A) Any purpose or, (B) For the limited purpose of flight or (C) For res gestae purposes only."

 The evidence of the "shoot out" with the police officers while fleeing the scene of the alleged offense was shown to be res gestae of the offense and admissible as such. It is well settled that "[W]here the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper." 4 Branch's Ann.P.C., 2d ed., Sec. 2255, p. 618; Taylor v. State, 420 S.W.2d 601, 605 (Tex.Cr.App.1967). See also 23 Tex.Jur. 2d, Sec. 196, p. 302. Further in Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340 (1957), this court held that escape, flight

and attempt to escape are always admissible as a circumstance from which an inference of guilt may be drawn. See also Ysasaga v. State, 444 S.W.2d 305 (Tex. Cr.App.1969). The fact that the circumstances of flight show the commission of another crime does not render the evidence inadmissible. Thames v. State, 453 S.W.2d 495, 501 (Tex.Cr.App.1970).

 Thus, the evidence was clearly admissible, and appellant's "objection" to the charge for failing to instruct the jury to disregard such evidence for any purpose is without merit. Likewise, the court did not err in refusing to limit the evidence of flight. A charge is on the weight of the evidence if it singles out evidence as to flight and instructs the jury thereon. Aguilar v. State, 444 S.W.2d 935, 938 (Tex.Cr.App.1969). See also 1 Branch's Ann.P.C., 2d ed., Sec. 162, pp. 165–166. Further, appellant does not cite any authorities for a jury instruction limiting consideration to "res gestae purposes only," nor does he explain what instruction he sought by such objection.

Appellant's second ground of error is overruled.

 Lastly, appellant complains that "identification evidence was improperly elicited from the prosecutrix after she had testified she could make no in-court identification of appellant." The record reflects that although the prosecutrix could not make a positive identification of the appellant, she was permitted to describe her assailant as being the same height, size, and having the same hair and "budged out" eyes as the appellant.

 It is well established that a "witness may testify that defendant is about the same size and height as the person he saw at the place where the alleged burglary, robbery, theft, murder, or other alleged offense was committed, the jury being the judges of the weight of such testimony." 5 Branch's Ann.P.C., 2d ed., Sec. 2670, p. 116.

Appellant's third ground of error is overruled.

For the reasons stated, the judgment is affirmed.

ROBERTS, J., concurs in the result.