Allen Ray CARTER, Appellant,

v.

STATE of Texas, Appellee.

No. A14–81–589CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 5, 1982.

Rehearing Denied Sept. 2, 1982.

Allen C. Isbell, Houston, for appellant.

Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a conviction for capital murder. The questions presented are (1) whether the indictment and charge of the court authorized a conviction for capital murder on the basis of an aggravating factor not included in the controlling statute; (2) whether the court's charge to the jury should have included an instruction on the lesser included offense of murder; (3) whether the prosecutor engaged in jury argument that was so improper as to require reversal; (4) whether several oral statements of appellant given while in custody were properly admitted into evidence; (5) whether the safeguards required by statute for custodial confessions of a juvenile were complied with; and (6) whether the summons for the hearing in juvenile court to waive jurisdiction was fundamentally defective for failure to state that the purpose of the hearing was to certify the proceedings to the criminal courts. Finding no reversible error, we affirm the conviction.

## FACTS

On the night of April 10, 1978, Allen Ray Carter (Carter or Appellant) and Leon Rutherford King (King) went riding in King's truck. Carter was a juvenile of sixteen years. King was in his thirties. It was their intention to pick up a girl and have sex. After driving around for a while they noticed a man and a woman on foot. The couple was Kelly Brei (Brei) and Michael Underwood (Underwood). Carter jumped from the truck and, wielding a shotgun, ordered the couple into the truck. He frisked them, taking money and jewelry.

King asked Carter what he thought should be done with Underwood, and Carter replied, "Waste him." They then drove to an empty lot where Underwood was ordered out of the truck. Carter told him to lie down and handed the shotgun to King. King struck Underwood on the back of the neck with the butt of the shotgun approximately ten times killing him. King, Carter and Brei then drove to a place from which King walked to a bayou and threw the gun into the water.

They drove to some apartments. Pursuant to demands, Brei had sexual relations with King and Carter for about two hours. Carter thought they should also kill Brei, but King found an envelope in her purse bearing her address. King kept the address and threatened to find her and kill her if she notified the police. Brei was dropped off at her car. King and Carter then went home.

Fortunately, Brei did notify the police. Being advised of the description of King's truck, Officer M.L. Williams saw the vehicle and stopped it. While King was not in the vehicle, his address was obtained from his wallet which was in the glove compartment. He was arrested at his residence and the portion of the envelope bearing Brei's address was recovered. A search of the residence yielded some of the stolen jewelry. Carter arrived at the residence later and was taken into custody. He led officers upstairs to the dresser drawer where the jewelry had been found. Carter then directed the officers to the location where the shotgun had been thrown into the bayou. The shotgun was found in a subsequent search of the area. While in custody Carter signed a written confession.

Carter was indicted for capital murder and was convicted by a jury. Punishment was assessed at imprisonment for life in the Texas Department of Corrections. Appeal was perfected to this Court.

## INDICTMENT AND CHARGE

■ Appellant's first eight grounds of error concern the indictment and the charge. The controlling statute, Tex.Penal Code Ann. § 19.03 (Vernon 1974), provides in pertinent part:

(a) A person commits an offense if he commits murder as defined under § 19.-02(a)(1) of this code and:

\* \* \* \* \* \*

(2) The person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated rape, or arson.

The commentary to this section states: "Section 19.03 requires an intentional or knowing killing plus one of the aggravating factors listed in the five subdivisions to constitute capital murder." The indictment and the charge listed three possible aggravating factors from the second subdivision: aggravated robbery, aggravated kidnapping and aggravated rape. Appellant's contention is essentially that error was committed because the aggravating factors of *aggravated robbery* and *aggravated kidnapping* were used in the indictment and charge while the statute provides for *robbery* and *kidnapping* as aggravating factors.

According to Tex.Penal Code Ann. §§ 20.04, 29.03 (Vernon 1974), the elements of aggravated kidnapping and aggravated robbery include all elements of kidnapping and robbery respectively. Thus, technically speaking, if one commits the offense of aggravated kidnapping, he must also commit the offense of kidnapping. Therefore, we hold if one intentionally or knowingly causes the death of an individual in the course of committing or attempting to commit aggravated kidnapping, he is guilty of capital murder just as if such killing occurred while in the course of committing or attempting to commit kidnapping. The same analysis would apply to aggravated

robbery. While it is true that the courts may not expand the capital murder statute by adding *new* aggravating factors, the question before us does not, in our opinion, involve the adding of such factors.

Furthermore, our common sense precludes us from holding that the Legislature intended one who intentionally murders another in the course of a kidnapping to be guilty of capital murder while one who intentionally murders another in the course of committing the more heinous crime of aggravated kidnapping is not.

■ By alleging the crime as they did, the State held themselves to a higher burden of proof. If the jury had found the kidnapping and robbery not to be aggravated, they could not have convicted the appellant for capital murder under the indictment and charge even though he would still have committed an offense under the statute. The jury decided, however, that the State had sustained the higher burden. Having rejected the contention that forms the basis of appellant's first eight grounds of error, we overrule them.

## LESSER INCLUDED OFFENSE OF MURDER

■ In his ninth ground of error appellant complains of the failure of the trial court to instruct the jury on the lesser included offense of murder. He contends there was conflicting evidence and, therefore, the jury could have found that Underwood's death occurred during the course of a rape, as opposed to an aggravated rape, of Kelly Brei. This contention is without merit. A charge on a lesser included offense is not required unless evidence is present which raises an issue of fact that the accused is guilty *only* of the lesser included offense. *Watson v. State*, 605 S.W.2d 877 (Tex.Cr.App.1980). Tex.Penal Code Ann § 21.03(a)(3) (Vernon Supp.1982), provides that a rape is aggravated if the offender

by acts, words, or deeds places the victim in fear of death, serious bodily injury or kidnapping to be imminently inflicted on anyone; . . . .

In view of the words and brutal actions surrounding the death of Underwood, there is no question that Brei was justifiably in fear of serious bodily injury and that, therefore, the rape was aggravated. Appellant fails to be more specific concerning his claim of conflicting evidence, and we can find no conflicting evidence in the record. Appellant's ninth ground of error is overruled.

## JURY ARGUMENT

Appellant complains of improper jury argument by the prosecutor in grounds of error ten through fifteen and twenty. Each of his contentions is considered below.

▮▮▮ By his tenth and eleventh grounds of error appellant contends the prosecutor engaged in improper jury argument by placing his credibility behind Brei as a witness. The argument complained of is as follows:

MR. HARDIN: ... That's what Kelly Brei tells. I will tell you what. I will take any evidence in the world against what this woman says based on the evidence—

MR. ISBELL: He is putting his credibility behind his own witnesses.

THE COURT: Overruled.

MR. HARDIN: I am vouching for what she said on the stand. Any woman to walk up here and sit down in the courtroom before twelve strangers, lawyers for both sides of the table, is asked to recount for them—before them with a court reporter, a bailiff and the man who did it that far away, any time they perform the way that Kelly Brei did. You bet your bottom dollar I will vouch for her.

MR. ISBELL: He is vouching and putting his own credibility behind the witness and I object to that.

THE COURT: Overruled.

MR. HARDIN: I am not talking about me. I am talking about what the evidence calls for. I am saying you, as a juror, heard her, observed her, saw what she went through and saw what she had to tell a group of strangers. You tell me.

Y'all decide. Not me. Not Mr. Isbell. Y'all decide whether she is telling the truth. What do you think?

Generally, it is improper for a prosecutor to vouch for the credibility of a witness during argument. But, such argument is not reversible error if it is in reply to argument of counsel for the accused which provides an invitation. *Chapman v. State,* 503 S.W.2d 237 (Tex.Cr.App.1974). The argument of defense counsel repeatedly attacked Brei's credibility as a witness. Noting apparent discrepancies between Brei's testimony in this case and her testimony at King's trial eight months before, defense counsel asked, "If the trial were held eight months from now, what would she say?" Defense counsel's argument accused Brei of telling several versions of her story at different times and of being so eager to assist the prosecutor that the substance of her testimony was affected.

The prosecutor's statement, in our opinion, merely answered the argument of defense counsel by saying that "based on the evidence" and considering the position she was in, her testimony was credible. We hold the argument to be an acceptable response to the argument of defense counsel. Appellant's tenth and eleventh grounds of error are overruled.

▮▮▮ In his twelfth ground of error appellant complains of the following argument by the prosecutor:

MR. HARDIN: ... Is there any among you who wants to walk out and tell Kelly Brei and face her and tell her Kelly, it was all for nought. That's what you have to do.

MR. DAILY: I object to that. The jury doesn't have to answer to anybody for that verdict.

THE COURT: Overruled.

We think this argument of the prosecutor was improper and the objection of appellant's counsel should have been sustained by the court. However, even when an argument exceeds permissible bounds it is reversible error only when, in light of the record as a whole, it is "extreme or mani-

festly improper, violative of a mandatory statute or injects new facts, harmful to the accused into the trial proceeding." *Todd v. State,* 598 S.W.2d 286, 297 (Tex.Cr.App. 1980). Our review of the record as a whole, considering particularly the context in which the quoted argument was made, leads us to the holding that the argument complained of does not constitute reversible error. Appellant's twelfth ground of error is overruled.

In his grounds of error thirteen and fourteen, appellant complains of the argument of the prosecutor concerning the voluntariness of the confession. The prosecutor argued:

> MR. HARDIN: ... You can read this charge until the cows come home, Ladies and Gentlemen, and there is no suggestion about anything about that confession. Meaning there is no issue before you as to whether that was a voluntarily given confession.
>
> MR. ISBELL: Objection to that, Your Honor, as trying to imply to the jury that the court has made a comment upon the weight of the evidence....

The objection was overruled. Appellant contends that this argument constituted an impermissible implication that the court had commented on the weight of the evidence and that the comment improperly informed the jury of the finding of the trial court that the confession was voluntary and admissible in controversion of Tex.Code Crim.Pro.Ann. art. 38.22(6) (Vernon 1979), which provides in pertinent part:

> In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which

the conclusion was based, which order shall be filed among the papers of the cause. *Such order shall not be exhibited to the jury nor the finding thereof made known to the jury in any manner.* (Emphasis added.)

Appellant relies on *Johnson v. State,* 510 S.W.2d 944 (Tex.Cr.App.1974), in which the prosecutor argued that if there was anything wrong with the confession the judge would not have allowed it into evidence. An objection was sustained and the jury instructed to disregard the remark. The Court of Criminal Appeals stated that because a further request for a mistrial was not made, the accused must have been satisfied with the relief given and waived any right to complain on appeal. However, *Johnson* further addressed the substance of the argument stating:

> While we cannot condone such argument, we note that the confession was admitted into evidence by the court in the jury's presence, the argument did not refer to the separate hearing, the court's order or any specific finding of the court regarding the voluntariness of a confession, and the prosecutor subsequently told the jury, without objection, that when something is admitted into evidence the judge didn't vouch for its truthfulness but left such matters to the jury.

We interpret *Johnson* as holding that even if the error had not been waived, the argument would not have constituted reversible error for the reasons given.

The argument before us is similar to the argument in *Johnson.* Here also the confession was admitted into evidence in the presence of the jury. The argument speaks only to the court's charge and not to the separate hearing outside the jury's presence or the result thereof. Finally, the prosecutor stated, "I am not suggesting that the Judge is commenting on anything." Therefore, on the basis of *Johnson,* we hold that the argument of the prosecutor does not constitute reversible error. We feel compelled, however, to issue the same caveat given in *Johnson.* That is, a prosecutor would be well advised to avoid such argu-

ment. Appellant's thirteenth and four-teenth grounds of error are overruled.

 In his fifteenth ground of error appellant complains of the following argument by the prosecutor:

It is the gnawing, almost panic-stricken fear is there one among you that feels I have not proved the case [sic]. If there is one of you who feels that way and stays that way, we go through it all again.

An objection by appellant's counsel was sustained and the jury was instructed to disregard the statement. A request for a mistrial was denied.

Ordinarily, any injury from improper jury argument is obviated when the court instructs the jury to disregard the argument, unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonition. Whether the prosecutor's argument necessitates a reversal is to be determined on the basis of the probable effect on the minds of the jurors under the facts of each case.

*Blansett v. State,* 556 S.W.2d 322, 328 (Tex. Cr.App.1977).

We hold that, while improper, the argument of the prosecutor was not so prejudicial that it was not cured by the instruction from the court. The court did not err in refusing to grant a mistrial. Appellant's fifteenth ground of error is overruled.

 Appellant's ground of error twenty complains of the following argument of the prosecutor:

I want to go on record before you right now that this case establishes the most incredible bits of police work that any citizen has a right to expect.

Appellant's objection to the argument was overruled. Appellant argues that the statement placed the prosecutor's opinion of the police work before the jury and in light of the prosecutor's experience it carried undue weight. We do not find this argument to constitute reversible error on application of the test in *Todd v. State,* 598 S.W.2d at 297, mentioned above. Appellant's twentieth ground of error is overruled.

## ORAL STATEMENTS

 In his sixteenth ground of error appellant complains of the admission into evidence of several of his oral statements made while in custody. The statements concern the location of the shotgun which King had thrown into the bayou and the location of the jewelry recovered. Tex. Code Crim.Pro.Ann. art. 38.22 § 3 (Vernon 1979), provides in pertinent part:

(a) No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding....

\* \* \* \* \* \*

(c) Subsection (a) of this section shall not apply to any statement which contains assertions of fact or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property or the instrument with which he states the offense was committed.

Appellant's argument first concerns the fact that the shotgun was not found at the time appellant showed police its approximate location. It was during a subsequent search of the area in which, according to the State's brief, professional divers were used that the shotgun was actually recovered. We are of the opinion that, despite the time lag, it was still the oral statements of appellant that led to the discovery of the weapon and, therefore, the related statements were admissible.

Appellant also argues that when the statements concerning the location of the jewelry were made, the police already had the property in their possession. However, there were apparently a number of people living in the house. And, while the statements did not lead to the discovery of the jewelry, they did provide a necessary link to appellant by showing his control of the property. The statements thus were true and tended to establish appellant's guilt as required by the statute. We hold the oral statements complained of were admissible, and we overrule appellant's sixteenth ground of error.

## CONFESSION

Appellant's seventeenth and eighteenth grounds of error contend his written confession was inadmissible because the statutory procedure prescribed for waiver of rights by a juvenile was not complied with. Tex.Fam.Code Ann. § 51.09(a) (Vernon Supp.1982), provides for waiver of "any right granted to a child by this title or by the constitution or laws of this state or the United States." In § 51.09(b) the admissibility in future proceedings of a statement made by a child is addressed. One of the requirements is a written certification by a magistrate.

The statute contains two directives concerning such certification. According to § 51.09(b)(1)(F) the certification must verify that the following requisites have been met:

(1) A *Miranda*-type warning from the magistrate as contained in § 51.09(b)(1)(A)–(D) was given;

(2) A warning concerning the conditions under which a juvenile may be tried as an adult was given;

(3) The statement was signed in the presence of a magistrate with no law enforcement officers or prosecuting attorneys present; and

(4) The magistrate was fully convinced that the child understood the nature and contents of the statement and signed it voluntarily.

The following paragraph of § 51.09(b)(1) provides that the magistrate must certify:

(1) He has examined the child independent of any law enforcement officers or prosecuting attorneys;

(2) The child understands the nature and contents of the statement; and

(3) The child has knowingly, intelligently and voluntarily waived the rights.

In the case before us the certification follows the requirements and language of § 51.09(b)(1)(F). It does not specifically state that the child was "examined" outside the presence of law enforcement officers or prosecuting attorneys or that the statement was made "knowingly and intelligently." This is the basis of appellant's contention.

The statute could be better drafted to specify the requirements of the certification. It would also seem to be the better practice, in view of the state of the statute, for magistrates to place in a certification all requirements, however redundant, from both directives. Nevertheless, we hold the certification before us complies with the requirements of § 51.09.

If a magistrate certifies that he is "fully convinced" a child "understands the nature and contents" of a statement, we hold it is in compliance with a requirement that the certification show a knowing and intelligent waiver. Furthermore, we hold the statement before us implies that appellant was examined concerning the statement. It would be impossible for the magistrate to be fully convinced that appellant understood the nature and contents of the statement if there had been no examination or inquiry. It further appears by implication from the fact the magistrate certified the statement was signed outside the presence of prosecuting attorneys and law enforcement officers that the examination was held outside the presence of law enforcement officers or prosecuting attorneys. The testimony of the magistrate at trial confirmed that an examination was held in a proper setting. Appellant's seventeenth and eighteenth grounds of error are overruled.

## SUMMONS

Appellant's nineteenth ground of error claims the summons in the juvenile court was fundamentally defective in that it failed to comply with Tex.Fam.Code Ann. § 54.02(b) (Vernon 1975). Such section requires that "the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court." Typed across the top of the summons is the following:

You are here and now notified that the State prays that the 315th Court of Harris County, Texas conduct a hearing as required by § 54.02 of the Family Code to waive juvenile jurisdiction over Allen

Ray Carter and certify these proceedings to the Criminal District Court of Harris County, Texas.

We hold the notation, typed plainly across the top of the page, is sufficient to satisfy the statutory requirements. Appellant's final ground of error is overruled.

Having overruled all of appellant's grounds of error, we affirm the conviction.