Jonathan David JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–00510–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 21, 1988.

Larry W. Lewis, Renta Santos, Jr., Houston, for appellant.

John B. Holmes, Jr., Carol M. Cameron, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

The jury rejected appellant's not guilty plea to the misdemeanor offense of carrying a weapon. The trial court assessed punishment at confinement in the Harris County Jail for ten days, plus a $500 fine. In two points of error, appellant contends the trial court erred in refusing to suppress oral statements he made after his arrest, and claims that his equal protection rights were violated when the prosecutor struck all black veniremen from the jury panel. We affirm.

On March 6, 1987, Houston Police Officer Kenneth D. Martin was on routine patrol when he stopped appellant for speeding. Informed that appellant had two outstanding traffic warrants, Martin placed appellant under arrest. After putting appellant in the back seat of his patrol car, Martin conducted an inventory search of appellant's taxicab, and found a briefcase on the front seat, containing some papers and a pistol.

Martin unloaded the pistol, which contained four live rounds and one spent round sitting under the gun's hammer. Martin returned to his patrol car and showed appellant the pistol. Noting that it contained a spent round, Martin asked appellant if he had fired the gun. Appellant responded that he hadn't, and that the spent round was under the hammer.

Appellant testified that the briefcase was not his, although it was in the cab at the time of his arrest. He stated that he did not know about the gun and did not tell Martin that the spent round was under the gun's hammer. Appellant also presented evidence that the gun belonged to the girlfriend of the driver with whom he shared his cab, and that the other driver had put the gun in the cab.

After a hearing, the trial court denied appellant's motion to suppress written or oral statements he may have made to the police. In his first point of error, appellant contends the court erred in admitting those statements, because they did not comply with TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1979).

■ Oral confessions or statements made by an accused are generally not admissible against the accused in a criminal proceeding. TEX.CODE CRIM.PROC. ANN. art. 38.22 § 3(a) (Vernon 1979); *Briddle v. State,* 742 S.W.2d 379, 386 (Tex. Crim.App.1987). However, section 3(c) of the statute provides an exception for:

> any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, *such as the finding of secreted or stolen property or the instrument with which he states the offense was committed.* (emphasis added).

In other words, oral statements which contain information that leads to evidence of guilt are admissible in their entirety. *Gifford v. State,* 630 S.W.2d 387, 390 (Tex. App.—Austin 1982, no pet.).

This exception is usually applied to an oral statement that leads police to previously undiscovered evidence of guilt. *Gifford,* 630 S.W.2d at 390. Appellant contends that because Martin found the pistol before appellant made his statement, that statement did not lead to any new evidence, and was thus inadmissible.

However, the facts in the present case are distinguishable from those in *Gifford.* Gifford's statement that he had taken a set of cuff links during a burglary was held inadmissible because at the time the statement was made the police knew the cuff links had been taken, and in fact had already located them as a result of information given by Gifford's co-defendant. Furthermore, the complainant identified the cuff links several days before Gifford's admission.

■ In the present case, although Martin had already found the pistol, appellant's statement provided a "necessary link" to appellant by showing his control over the gun. *Carter v. State,* 650 S.W.2d 843, 849 (Tex.App.—Houston [14th Dist.] 1982),

*aff'd*, 650 S.W.2d 793 (Tex.Crim.App.1983). Some case law indicates that the oral statement must lead to the recovery of items or information before the statement is admissible. However, article 38.22 plainly requires only that the statement assert "facts or circumstances that are found to be true and which conduce to establish the guilt of the accused." *Briddle*, 742 S.W.2d at 388; *Santana v. State*, 714 S.W.2d 1, 14 (Tex.Crim.App.1986).

Appellant was charged with intentionally and knowingly carrying a weapon. His statement that he had not fired the pistol because there was a spent round under the hammer indicated his familiarity with and control over the pistol. The statement was true and tended to establish appellant's guilt. Therefore, we hold the statement was admissible, and overrule appellant's first point of error.

In his second point of error, appellant contends the trial court erred in denying his motion to quash the jury panel. He maintains that the prosecutor's peremptory challenge of all black persons on the panel violated his equal protection rights under U.S. CONST. amend. XIV. Furthermore, appellant contends that he met his burden of establishing a prima facie case of purposeful discrimination by the State in its selection of the jury under the standard in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Additionally, appellant claims the State failed to meet its burden of overcoming the inference of discrimination by giving a neutral explanation for its challenges to the black panelists. Thus, he argues, the jury panel should have been dismissed by the trial court in response to his motion.

◼ In *Batson*, the Supreme Court reiterated its long-held view that the purposeful or deliberate denial of jury participation by black persons solely because of their race violates a defendant's rights under the Equal Protection Clause of the United States Constitution. *Batson* permits a defendant to establish a prima facie showing of purposeful discrimination in jury selection based on evidence concerning the State's exercise of peremptory challenges.

To establish this prima facie showing, the defendant: (1) must show that he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove members of the defendant's race from the venire; (2) may rely on the fact that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate"; and (3) must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the jury on account of their race. *Batson*, 106 S.Ct. at 1722–23; *see also Henry v. State*, 729 S.W.2d 732, 734 (Tex.Crim.App.1987).

Once the trial court determines that the defendant has made a prima facie showing of discrimination, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors. While this explanation need not rise to the level justifying a challenge for cause, the Supreme Court stressed that not just any explanation will do. It must go beyond a mere denial of a discriminatory motive or an affirmation of good faith in individual selections. The trial court must then determine if the defendant has established purposeful discrimination. *Batson*, 106 S.Ct. at 1723; *Henry*, 729 S.W.2d at 734.

After the jury was selected, but before it was sworn, appellant requested a *Batson* hearing. The court conducted a hearing outside of the presence of the jury and overruled appellant's motion.

◼ We do not find that the State engaged in unconstitutional purposeful discrimination through its use of peremptory challenges. At the hearing on appellant's motion, appellant attempted to make his prima facie showing of purposeful discrimination from the facts in his case, as required by *Batson*. Defense counsel showed that his client was black, and that all three of the black venire members remaining on the panel after strikes for cause, Mrs. Sanders, Ms. Howard and Ms. Walker, were struck by the prosecutor. He then called the prosecutor, Mr. Frazier, to the stand and questioned him about his

reasons for striking each of the black panelists. The State attempted to rebut appellant's prima facie showing by offering neutral explanations for its strikes.

Mr. Frazier testified that he struck Mrs. Sanders because: (1) she did not answer the question on the juror information form asking if she had ever been an accused, complainant or witness in a criminal case, and (2) she equivocated in responding to his question to the panel on whether they could follow the law in this case. He struck Ms. Howard because: (1) she indicated on her juror information form that she had been involved in a criminal case, (2) she equivocated on whether or not she could follow the law, and (3) she did not appear to be paying attention during voir dire. Finally, Mr. Frazier testified that he struck Ms. Walker because: (1) she indicated that she would not be able to follow the law, and (2) she was a gun owner.

Appellant's counsel vigorously cross-examined the prosecutor as to his reasons for striking these jurors and not striking others. The record reflects that the prosecutor gave a consistent and credible explanation for his exercise of strikes, and showed no evidence of racial discrimination. *Yarbough v. State*, 732 S.W.2d 86, 90–91 (Tex. App.—Dallas, 1987, pet. granted).

Appellant's counsel also called Mrs. Sanders, Ms. Walker and Ms. Howard to testify. Mrs. Sanders testified that she "overlooked" the question on the juror information form asking if she had ever been involved in a criminal case. She added that she did not raise her hand intending to show that she could not follow the law in the case. Ms. Walker testified that she did not indicate that she could not follow that law in reference to the elements of this case. On cross-examination by Mr. Frazier, she stated that she raised her hand in response to his question to the panel about following the law because she did not understand the question. Ms. Howard testified that she had been a character witness in a criminal case.

The trial court found that appellant raised an inference of discrimination on the part of the State. However, the court also found that the State provided racially-neutral explanations for the strikes, and appellant failed in his burden of rebutting the State's explanations. *Chambers v. State*, 724 S.W.2d 440, 442 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). The trial court alone determines the credibility of the State in offering plausible reasons for its strikes, and the court's determination is entitled to great deference. *Batson*, 106 S.Ct. at 1724 n. 21; *Johnson v. State*, 740 S.W.2d 868, 870 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). The court's findings will not be disturbed unless clearly erroneous. *Yarbough*, 732 S.W.2d at 91. After reviewing the record, we do not find that the trial court was in error. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.