D. P. HENDERSON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion filed March 20, 1918.

1. An indictment charging embezzlement should describe the property alleged to have been embezzled with the same particularity that is required in an indictment charging larceny.

2. An indictment charging that the defendant borrowed a shot gun and afterwards embezzled and fraudulently converted

the said shot gun to his own use sufficiently describes the property.

3. An indictment charging the crime of embezzlement alleged that the defendant on a certain date "did borrow" from another certain personal property to-wit: one shot gun. *Held,* that the indictment sufficiently alleged that the defendant received the shot gun into his possession.

Writ of Error to Circuit Court for Jackson County, C. L. Wilson, Judge.

Judgment affirmed.

*John H. Carter,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

ELLIS, J.—The plaintiff in error was convicted in the Circuit Court for Jackson County of embezzlement, and comes here upon writ of error.

A motion made in his behalf to quash the indictment was overruled. The only assignment of error rests upon that ruling of the court.

Omitting the venue and signature of the State Attorney, the indictment is as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

THE GRAND JURORS OF THE STATE OF FLORIDA, impaneled and sworn to enquire and true presentment make in and for the body of the County of Jackson upon their oath do present that D. P. Henderson, whose Christian name is unknown to the Grand Jury, of the County of Jackson and the State of Florida,

on the 15th day of November in the year of your Lord
One housand Nine Hundred and Sixteen ,in the County
and State aforesaid, did borrow from one W. L. Pilcher
certain personal property then and there the subject of
larceny, to-wit, one shotgun of the value of twenty-five
dollars and of the goods and chattels of said W. L.
Pilcher, and the said D. P. Henderson did, afterwards,
to-wit, on the 1st day of January, A. D. 1917, in the
county of Jackson and State of Florida, unlawfully em-
bezzles and fraudulently convert the said shotgun to his
own use;

"Against the form and of the statute in such case
made and provided, to the evil example of all others in
like case offending and against the peace and dignity of
the State of Florida."

The two points of the motion to quash which are
argued are: That the description of the property
alleged to have been stolen is insufficient, and that the
indictment does not sufficiently allege that the property
was actually received by or came into the possession of
the defendant.

The defendant below asked for no bill of particulars
and pleaded not guilty to the indictment.

In an indictment charging embezzlement the property
alleged to have been embezzled should be described with
the same particularity that is required in an indictment
charging larceny.  See Grant v. State, 35 Fla. 581, 17
South. Rep. 225.

In Glover v. State, 22 Fla. 493, the court in discussing
the question of the particularity with which property
alleged to have been stolen should be described, said:
"Such articles may be described by the name by which
they are generally known."

A shotgun is defined in "Webster's New International

Dictionary" as "a smooth-bore gun, often double barreled, and now almost universally breach-loading designed for firing shot at short range and killing small game esp. birds." The same authority defines a gun as "any portable firearm except a pistol or revolver such as a rifle, shotgun, carbine, etc." It is difficult to conceive how the defendant could have been mislead or embarrassed in his defense by the use of a term descriptive of an implement of sport so generally known that the term is not unintelligible even to the average American youth of tender years. This ground of the motion was not well taken.

Nor do we think there is any merit in the other point. It is contended in behalf of the defendant that the indictment fails to allege that the shotgun was ever in possession of the defendant. The indictment alleges that the defendant on a certain date "did borrow from one W. L. Pilcher certain personal property then and there the subject of larceny, to-wit, one shotgun," etc.

To quote from Words and Phrases Judicially Defined, under the word "borrow:" "It is true that we often use this word in the sense of returning the thing borrowed in specie, as to borrow a horse. But it is not limited to this sense. Among the definitions given by Webster are the following: First to take or receive from another on trust, with the intention of returning or giving an equivalent for; and second to take from another for one's own use; to adopt from a foreign source; to appropriate to assume." See 1 Words and Phrases 884. To borrow, means to "take, get or receive something from another as by way of a loan." Webster's New International Dictionary. See also Black's Law Dictionary (2nd ed.) 146. The statute under which the indictment was presented uses the word in the fol-

lowing sentence: "If any person borrows or hires property aforesaid and embezzles or fraudulently converts it or its proceeds," etc. General Statutes, 1906, Sec. 3308. The word was used in the statute in its usual and commonly accepted meaning. Fine v. Moran, Sheriff, 74 Fla. 417, 77 South. Rep. 533.

There was no error in the court's ruling, and none having been made to appear in the trial of the cause the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST. J. J., concur.