Billy Wayne NELSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 55252.

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 25, 1978.

Rehearing En Banc Denied Nov. 22, 1978.

Dalford Todd, Dallas, for appellant.

Henry Wade, Dist. Atty., Fred C. McDaniel, Winfield W. Scott and D. Mark Elliston, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for voluntary manslaughter. V.T.C.A. Penal Code, Sec. 19.04. Appellant was indicted for the offense of murder and after a trial before the court was found guilty of voluntary manslaughter. Punishment was assessed at eight years.

It is undisputed that the appellant shot and killed the deceased, his stepfather, on the evening of December 24, 1975. The shooting occurred in the kitchen of appellant's home, where his mother and the deceased had been living for several months.

On the evening of the offense, the appellant had called his mother, asking her to prepare dinner for him. When he arrived at home, he found that the deceased was intoxicated. An argument arose between the appellant and the deceased over the position of a window shade in the kitchen. According to the appellant and his mother, the only eyewitnesses, the deceased cursed the appellant and an altercation ensued. The deceased pulled a pocket knife and advanced toward the appellant. The appellant left and went next door to his brother's home, where he obtained a rifle and returned to confront the deceased. Appellant ordered the deceased out of his home, at which point, according to the appellant, the deceased lunged at him and appellant fired once, mortally wounding the deceased.

■ Appellant initially contends that his indictment for murder was defective because it alleged that appellant caused the death of the deceased "by shooting the said Edgar Earl Hume with a rifle. . . ." It is appellant's position that the indictment must state that a "rifle" is a "gun" or it is insufficient.

Appellant filed a motion to quash, which he argues apprised the trial court specifically of his complaint.

Appellant argues that the word "rifle" may be used in a number of ways, only one of which means a firearm.

An indictment charging the offense of murder must allege the means used to commit the offense if this is known to the grand jury. The appellant in his brief concedes that an indictment that alleges murder "by shooting him with a gun" is a sufficient allegation of means. See e. g., *Dickson v. State*, 113 S.W.2d 528 (Tex.Cr. App.).

In *O'Briant v. State*, 556 S.W.2d 333 (Tex. Cr.App.1977), an aggravated robbery case,

the indictment charged that the defendant committed the offense by "using and exhibiting a deadly weapon, to-wit: a firearm." The defendant contended on appeal that the use of the word "firearm" was too general. In rejecting the defendant's contention, this Court stated:

"We find 'firearm' to be far less vague and general than the word 'gun.' It could reasonably be urged that the word 'gun' is broad and general enough to include such diverse instrumentalities as a 'BB gun,' a 'blow gun,' a 'pop gun,' or even a 'grease gun.' Clearly, the word 'firearm' has a much more limited meaning." *O'Briant v. State*, supra.

We further note that the word "gun" is defined by Black's Law Dictionary, 4th ed., as follows:

"A firearm for throwing a projectile with gunpowder. *Highsaw v. Creech*, 17 Tenn. App. 573, 69 S.W.2d 249. A portable firearm such as a *rifle*, shotgun, carbine, etc. *Henderson v. State*, 75 Fla. 464, 78 So. 427, 428. A pistol or revolver. *State v. Christ*, 189 Iowa 474, 177 N.W. 54, 57." [Emphasis added.]

Likewise, the term "firearm" is defined in V.T.C.A. Penal Code, Sec. 46.01(3), as: "Any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use. . . ."

V.T.C.A. Penal Code, Sec. 46.01(10), defines "short-barrel firearm" as, "A *rifle* with a barrel length of less than 16 inches . . . ." [Emphasis added.]

It is thus clear that in alleging that the offense was committed with a "rifle" instead of a "gun," the State was pleading more specifically than it was required to do. No error is shown.

█ Appellant next contends that he recklessly caused the death of the deceased and is therefore only guilty of involuntary manslaughter rather than voluntary manslaughter, as found by the court.

Section 19.04, supra, "Voluntary Manslaughter," provides:

"(a) A person commits an offense if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused the death under the immediate influence of sudden passion arising from an adequate cause.

"(b) 'Sudden passion' means passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation.

"(c) 'Adequate cause' means cause that would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection.

"(d) An offense under this section is a felony of the second degree. Amended by Acts 1973, 63rd Leg., p. 1123, ch. 426, art. 2, § 1, eff. Jan. 1, 1974."

V.T.C.A. Penal Code, Sec. 19.05, provides that a person commits the offense of involuntary manslaughter if he "(1) recklessly causes the death of an individual . . ."

V.T.C.A. Penal Code, Sec. 6.03(c), provides:

"A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."

Appellant's testimony reflects that after the altercation with his stepfather he went to his brother's home next door, obtained a rifle from the closet, loaded it, "chambered that bullet," and returned to confront the deceased. He testified that the deceased lunged toward him "and the next thing, I

guess instincts, man, I just—it just went off."

The court as the trier of the facts could have accepted appellant's testimony that he was at the scene of the crime with a gun in his possession and rejected any statement by appellant that the gun accidentally went off. *Valore v. State*, 545 S.W.2d 477 (Tex. Cr.App.). Further, when a deadly weapon is used, as in the instant case, a presumption arises that the accused intended to kill the victim. *Fentis v. State*, 528 S.W.2d 590 (Tex.Cr.App.); *Valore v. State*, supra. We find the evidence supports the conviction.

■ Appellant next contends that his testimony shows self-defense [1] or defense of another.[2] Although raised by the evidence in this case, self-defense and defense of another are to be determined by the trier of fact. The evidence is clearly sufficient to support the trial court's finding of guilty of voluntary manslaughter and does not show self-defense as a matter of law. *Appleman v. State*, 531 S.W.2d 806 (Tex.Cr.App.1976); *Powers v. State*, 497 S.W.2d 594 (Tex.Cr. App.1973); *Whitfield v. State*, 492 S.W.2d 502 (Tex.Cr.App.1973).

■ Appellant's final contention is that the trial court should have granted him probation. We find this contention without merit since the law is settled that the decision of whether or not to grant probation is absolutely within the discretion of the trial judge and that the decision not to grant probation is not appealable. *Waddell v. State*, 503 S.W.2d 570 (Tex.Cr.App.1974); *Brown v. State*, 478 S.W.2d 550 (Tex.Cr. App.1972); *Hall v. State*, 418 S.W.2d 810 (Tex.Cr.App.1967).

The judgment is affirmed.

---

1. V.T.C.A. Penal Code, Secs. 9.31, 9.32.

2. V.T.C.A. Penal Code, Sec. 9.33.