Minnie Jean KING, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–82–0357–CR.

Court of Appeals of Texas, Amarillo.

Feb. 21, 1984.

Rehearing Denied March 13, 1984.

Discretionary Review Refused Oct. 10, 1984.

W. Richard Forcum III, Lubbock, for appellant.

Jim Bob Darnell, Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Appellant Minnie Jean King complains of her voluntary manslaughter conviction, for which the jury assessed punishment at thirteen (13) years confinement. The evidence, unchallenged for sufficiency, shows that appellant, found by the jury to have been acting under the immediate influence of sudden passion arising from an adequate cause, shot and killed the deceased with a pistol.

In appealing, appellant contends the trial court erroneously denied (1) her motion to quash the indictment and (2) her motion for mistrial at the punishment phase based on the prosecutor's injection of a detail of her prior conviction. Satisfied that the grounds of error do not merit reversal of the judgment, we affirm.

The two-count indictment charged appellant with the respective offenses of murder and voluntary manslaughter of Charles James Williams, alleging in each count that she committed the charged offense "by shooting the said Charles James Williams with a gun." Appellant moved to quash the indictment for, among other reasons, its failure to adequately apprise her of the charges she must defend against since it fails to define the word "gun." The court overruled the motion and, on appeal, appellant initially contends the court erred because the indictment failed to adequately describe the means used to cause the death of Williams by shooting him with a "gun," thereby denying her adequate notice of the manner by which the State intended to prove the allegation.

Of necessity, an indictment charging the offense of murder or voluntary manslaughter must allege, if known to the grand jury, the means used to commit the offense. *Nelson v. State*, 573 S.W.2d 9, 10 (Tex.Cr.App.1978); *Huddleston v. State*, 70 Tex.Cr.R. 260, 156 S.W. 1168, 1169 (1913). In this connection, it is held that describing the means used by the phrase "shooting him with a gun" is a sufficient allegation of the means used. *Dickson v. State*, 134 Tex.Cr.R. 22, 113 S.W.2d 528, 529 (1938).

Appellant acknowledges the *Dickson* holding, but she would deny its applicability to her indictment on the theory that, unlike the defendant Dickson, she moved to quash the indictment for the reason that the descriptive word "gun" is an inadequate allegation of the means used to commit the crime charged. Despite the attempted distinction, we conclude on the authority of *Nelson v. State, supra*, without further addressing the authorities cited by appellant and the State in support of their respective positions, that alleging a "gun" was the means used is sufficient even when tested by a motion to quash.

In *Nelson*, the defendant was convicted of voluntary manslaughter under an indictment charging him with murder "by shooting the said Edgar Earl Hume with a rifle...." The defendant filed a motion to quash the indictment for insufficiency since

it failed to state that a "rifle" is a "gun." The trial court overruled the motion and, on appeal, the Court of Criminal Appeals found no error in the ruling. After citing the *Dickson* holding and quoting definitions of a "gun"[1] in its discussion, the Court then said: "It is thus clear that in alleging that the offense was committed with a 'rifle' instead of a 'gun,' the State was pleading more specifically than it was required to do." 573 S.W.2d at 11. Implicit in the statement is the determination that the State was required to allege no more than that a "gun" was the means used. The first ground is overruled.[2]

Testifying at the punishment phase of the trial, appellant stated that she had been convicted for "carrying an unlawful weapon" and placed on probation, which she successfully completed. On cross-examination, the prosecutor, establishing that appellant's direct testimony was incorrect as to the date of her conviction, inquired and appellant answered as follows:

Q   Now, did you say that that offense was for unlawfully carrying a handgun?

A   Yes.

At that juncture, appellant objected to the statement "handgun." The court sustained the objection and, sua sponte, instructed the jury to disregard it. Appellant then moved for a mistrial, which was denied by the court.

■■■   The court's denial was erroneous, appellant contends with her second ground of error, because the prosecutor, by his question, injected a detail of her prior conviction of such prejudicial nature that she was denied a fair trial. In this regard, appellant correctly asserts that the details of a prior conviction are not admissible, over defense objection, at the punishment phase of a subsequent trial. *Mullins v. State*, 492 S.W.2d 277, 279 (Tex.Cr.App. 1973). Yet, assuming that the prosecutor's

inquiry revealed a prohibited detail of the prior conviction, it also is correct that a jury instruction to disregard the asking of an improper question generally will cure error, "except in extreme cases where it appears the question alone is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." *Yarbrough v. State*, 617 S.W.2d 221, 228 (Tex.Cr.App. 1981).

■■■   The circumstances do not present one of those extreme cases where the instruction was insufficient to cure the claimed error. Appellant's prior conviction for, as she characterized it, "carrying an unlawful weapon," was introduced during her direct testimony. The objectionable question was a rephrasing of the nature of the offense and, occurring as it did immediately after the prosecutor's inquiry had shown that appellant had given a wrong date for the conviction, logically appears to have been asked for clarification rather than to inflame the minds of the jury. Beyond that, the mere asking whether the weapon was a handgun could hardly prejudice appellant more than her own testimony. *Rodriguez v. State*, 577 S.W.2d 491, 493 (Tex.Cr.App.1979). It follows that the court's instruction was sufficient to cure the error asserted. The second ground is overruled.

The judgment is affirmed.

---

1.   Included in the definitions given for a "gun" is a "rifle," as well as "[a] pistol," the weapon used by appellant.   573 S.W.2d at 11.

2.   Incongruously, appellant, contrary to her contention that the allegation of a "gun" failed to

apprise her of adequate notice of the means used, never used any word but "gun," which she uttered eight different times, during her testimony of the events leading to and culminating in the shooting.