IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-198-CR




HAROLD LYNN FREEMAN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 40,271, HONORABLE JOE CARROLL, JUDGE PRESIDING


 





PER CURIAM

 Appellant pleaded guilty to an indictment accusing him of aggravated assault. Tex.
Penal Code Ann. § 22.02 (West 1989 & Supp. 1992). The district court found that the evidence
substantiated appellant's guilt, deferred further proceedings without entering an adjudication of
guilt, and placed appellant on probation. At a later hearing on the State's motion to revoke,
appellant stipulated to two violations of the conditions of probation. The court revoked appellant's
probation, adjudged him guilty, and assessed punishment at imprisonment for three years.

 In his only point of error, appellant contends the district court erred by not
continuing him on probation. No appeal may be taken from the decision to proceed to
adjudication. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1992). Therefore, we
construe this point of error as contending that the court should have granted him "regular"
probation after adjudicating him guilty. This contention is without merit, as the decision to grant
probation was within the absolute discretion of the trial court. Nelson v. State, 573 S.W.2d 9,
12 (Tex. Crim. App. 1978). The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Aboussie, and B. A. Smith]

Affirmed

Filed: October 7, 1992

[Do Not Publish]