

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00702-CR

Jose Luis **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR0547
Honorable Ron Rangel, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  September 10, 2014

AFFIRMED

The sole issue raised in this appeal is whether the trial court erred in denying an application for deferred adjudication filed by Jose Luis Rodriguez in connection with a plea bargain agreement. We overrule Rodriguez's complaint and affirm the trial court's judgment.

### BACKGROUND

In accordance with a plea bargain agreement, Rodriguez pled nolo contendere to two counts of sexual assault of a child. The plea bargain agreement provided for a ten year cap and a

$1,000 fine. The plea bargain agreement further provided that the State would oppose deferred adjudication.

At the sentencing hearing, the trial judge stated he had reviewed the TAIP evaluation, the PSI report, and the State's exhibit which included the police reports and a transcript of Rodriguez's oral statement. Later in the hearing, the trial court clarified that he had reviewed the transcript twice and questioned Rodriguez regarding inconsistencies between his statement and his testimony at the sentencing hearing. Rodriguez admitted that he engaged in sexual intercourse with the complainant, but stated that he thought she was over the age of seventeen. At the conclusion of the hearing, the trial court sentenced Rodriguez to ten years' imprisonment, thereby denying his application for deferred adjudication. Although the trial court sentenced Rodriguez in accordance with his plea bargain agreement, the trial court gave Rodriguez permission to appeal the denial of his application for deferred adjudication.

## ANALYSIS

Rodriguez pled nolo contendere to two counts of sexual assault of a child, which is a second degree felony punishable by not less than two and not more than twenty years' imprisonment and a $10,000 fine. *See* TEX. PENAL CODE ANN. §§ 12.33, 22.011(f) (West 2011). As previously noted, Rodriguez entered into a plea bargain agreement, whereby the punishment imposed could be ten years' imprisonment and a $1,000 fine, with knowledge that the State opposed Rodriguez's application for deferred adjudication.

Although not raised in the briefing, we initially question whether we have jurisdiction to consider Rodriguez's appeal. *See Foster v. State*, No. 07-00-00202-CR, 2001 WL 836187, at *3 (Tex. App.—Amarillo July 25, 2001, no pet.) (not designated for publication). As the Amarillo court stated, "to the extent the decision to deny probation is not appealable (given its utterly discretionary nature), *Nelson v. State*, 573 S.W.2d 9, 12 (Tex. Crim. App. 1978), the decision to

deny deferred adjudication is also beyond appellate review for the same reason." *Id*. Accordingly, we could dismiss this appeal for lack of jurisdiction without addressing the merits of the issue raised by Rodriguez. Because the trial court granted permission to appeal and the issue has been fully briefed, however, we will address the merits of Rodriguez's complaint.

A trial court's decision as to the appropriate punishment will not be disturbed on appeal absent an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). "It is also the general rule that as long as a sentence is within the proper range of punishment it will not be disturbed on appeal." *Id*. Whether to grant an application for deferred adjudication also "is entirely within the trial court's discretion." *Reed v. State*, 644 S.W.2d 479, 484 (Tex. Crim. App. 1983).

In support of his contention that the trial court should have granted his application for deferred adjudication, Rodriguez points to testimony from his mother and girlfriend that he was hardworking and supportive of family. Rodriguez also points to evidence that he had graduated from high school and attended three years of community college. Rodriguez further relies on evidence that he only had one prior misdemeanor conviction for possession of marijuana. Finally, Rodriguez notes that he accepted responsibility for engaging in sexual intercourse with the complainant, but asserts that he was unaware that she was younger than seventeen.

The record, however, also contains evidence that Rodriguez's probation for the prior misdemeanor possession offense was revoked because Rodriguez continued to smoke marijuana. In addition, the trial judge expressed his concern about the inconsistencies between Rodriguez's trial testimony and the voluntary statement he provided to the police. The record also establishes numerous inconsistencies between Rodriguez's testimony and the statements provided by the complainant, the complainant's friend, and the complainant's father.

Although Rodriguez testified that he did not know the complainant and had only met her the one night in which he allowed her to stay at his house and engaged in sexual intercourse with her, the complainant testified that she met Rodriguez through his brother over two years earlier when she ran away from home. The complainant further testified that she lived with Rodriguez's brother in the home Rodriguez shared with his brother, and Rodriguez's brother made her prostitute herself for money. On the night in question, the complainant was with a friend trick-or-treating when she entered Rodriguez's home and did not leave. The mother of the complainant's friend, who had accompanied the children trick-or-treating, called the complainant's father. When the complainant's father knocked at Rodriguez's door, Rodriguez denied that the complainant was in the house. The complainant, however, stated that she was inside the house when her father knocked at the door. Despite knowing that the complainant's father was looking for her, from which a person might infer that the complainant was underage, Rodriguez allowed the complainant to stay the night in his home and engaged in sexual intercourse with her. After considering the foregoing and other inconsistencies between Rodriguez's version of the events and the events related in the police reports, the trial court was well within its discretion in denying Rodriguez's application for deferred adjudication.

### CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH